## ROBERTS *v.* LEWIS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 285. Argued April 12, 1892. — Decided April 25, 1892.

Under Rev. Stat. § 914, and according to the Code of Civil Procedure of the State of Nebraska, if the petition, in an action at law in the Circuit Court of the United States held within that State, alleges the requisite citizenship of the parties, and the answer denies each and every allegation in the petition, such citizenship is put in issue, and, if no proof or finding thereof appears of record, the judgment must be reversed for want of jurisdiction.

IN this action, brought June 11, 1887, by Lewis against Roberts in the Circuit Court of the United States for the District of Nebraska, the petition was as follows:

"Comes now the said plaintiff and shows and represents unto this honorable court that he is a resident of the city of Milwaukee in the State of Wisconsin, and a citizen of the said State of Wisconsin, and that the defendant is a resident of the

city of Lincoln in the State of Nebraska, and a citizen of the said State of Nebraska, and that the matters and things herein in controversy exceed the sum and value of two thousand dollars, exclusive of interest and costs.

"2d. The plaintiff further complains of the defendant, for that plaintiff has a legal estate in and is entitled to the immediate possession of the following described property, to wit: lots number one, two, three, four, five and six, all in block number forty-one, in Dawson's addition to South Lincoln, in Lancaster County, Nebraska, and that said defendant has ever since the 11th day of April, 1887, unlawfully kept and still keeps the plaintiff out of possession thereof.

"Wherefore the plaintiff prays that he may have judgment for the delivery of the possession of said premises to him, and for the costs of this action."

The defendant filed the following amended answer:

"1. The above named defendant, for an amended answer to the plaintiff's petition, says that for more than ten years prior to the commencement of this action he had been and still is in the open, adverse possession of the premises in controversy.

"2. Defendant, further answering, denies each and every allegation in said petition contained."

The parties stipulated in writing that the value of the premises in controversy exceeded $5000; and the case was tried by a jury, who, by direction of the court, returned a special verdict, finding the following facts:

Jacob Dawson died seized in fee of the premises, leaving a widow and five children; and by his last will, dated May 10, 1869, and duly admitted to probate in Lancaster County, Nebraska, made the following devise and bequest: "To my beloved wife, Editha J. Dawson, I give and bequeath all my estate, real and personal, of which I may die seized, the same to be and remain hers, with full power, rights and authority to dispose of the same as to her shall seem meet and proper so long as she shall remain my widow, upon the express condition, however, that if she should marry again, then it is my will that all of the estate herein bequeathed, or whatever may remain, shall go to my surviving children, share and share

alike." On December 14, 1879, Editha J. Dawson married Henry M. Pickering. The premises were conveyed on March 15, 1870, by warranty deed by Editha J. Dawson to one England, and by him on December 15, 1871, to the defendant, who has ever since been in the peaceful occupation and control of the same. The premises were conveyed on September 15, 1879, by warranty deed by Jacob Dawson's children to Wheeler and Burr, by them on April 27, 1880, to Ezekiel Giles, and by him in May, 1887, to the plaintiff.

The jury found that, if the court should be of opinion that under the will Editha J. Dawson took only an estate determinable upon her marriage, then the plaintiff at the commencement of the action was seized in fee of the premises, and entitled to the immediate possession thereof, and should recover of the defendant nominal damages; but if the court should be of opinion that under the will Editha J. Dawson took an estate absolutely in fee, then they found for the defendant.

The Circuit Court gave judgment for the plaintiff upon the special verdict; and the defendant sued out this writ of error.

*Mr. John H. Ames* (with whom was *Mr. N. S. Harwood* on the brief) for plaintiff in error.

*Mr. L. C. Burr* (with whom was *Mr. J. M. Woolworth* on the brief) for defendant in error.

Counsel discussed fully the other questions of law involved in the case, but to the point as to jurisdiction only said in their brief that, no plea to it having been interposed, it was not necessary for the jury to find the citizenship of the parties.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The principal question argued in this case is upon the true construction of the devise of Jacob Dawson to his wife, in view of the conflicting decisions of this court and of the Su-

preme Court of Nebraska. *Giles* v. *Little*, 104 U. S. 291; *Little* v. *Giles*, 25 Nebraska, 313. See also *Little* v. *Giles*, 118 U. S. 596; *Giles* v. *Little*, 134 U. S. 645.

But a preliminary question to be decided is whether the Circuit Court of the United States appears upon this record to have had any jurisdiction of the case.

The petition or declaration alleges in due form that the plaintiff is a citizen of the State of Wisconsin, and the defendant is a citizen of the State of Nebraska; and further alleges that the plaintiff has a legal estate in and is entitled to the immediate possession of certain lots in Lancaster County in the State of Nebraska, and the defendant has kept and still keeps the plaintiff out of possession thereof; wherefore the plaintiff prays for judgment for delivery of possession of the premises to him. The answer sets up two defences: 1st. Open and adverse possession of the premises by the defendant for ten years; 2d. A general denial of each and every allegation in the petition. The special verdict finds facts bearing on the merits of the case, but nothing as to the citizenship of the parties.

Whenever the jurisdiction of the Circuit Court of the United States depends upon the citizenship of the parties, it has been held from the beginning that the requisite citizenship should be alleged by the plaintiff, and must appear of record: and that when it does not so appear this court, on writ of error, must reverse the judgment, for want of jurisdiction in the Circuit Court. *Brown* v. *Keene*, 8 Pet. 112; *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237;

Doubtless, so long as the rules of pleading in the courts of the United States remained as at common law, the requisite citizenship of the parties, if duly alleged or apparent in the declaration, could not be denied by the defendant, except by plea in abatement, and was admitted by pleading to the merits of the action. *Sheppard* v. *Graves*, 14 How. 505.

But since 1872, when Congress assimilated the rules of pleading, practice and forms and modes of procedure in actions at law in the courts of the United States to those prevailing in the courts of the several States, all defences are

open to a defendant in the Circuit Court of the United States, under any form of plea, answer or demurrer, which would have been open to him under like pleading in the courts of the State within which the Circuit Court is held. Act of June 1, 1872, c. 255, § 5 ; 17 Stat. 197; Rev. Stat. § 914; *Chemung Canal Bank* v. *Lowery,* 93 U. S. 72 ; *Glenn* v. *Sumner,* 132 U. S. 152; *Central Transportation Co.* v. *Pullman's Car Co.,* 139 U. S. 24, 39, 40.

By the Nebraska Code of Civil Procedure, § 62, every civil action is commenced by petition ; and by § 92, the petition must contain " the name of the court and county in which the action is brought, and the names of the parties, plaintiff and defendant," " a statement of the facts constituting the cause of action," and " a demand of the relief to which the party supposes himself entitled." By § 94, the defendant may demur to the petition for certain matters appearing on its face, among which are " that the court has no jurisdiction of the person of the defendant, or the subject of the action," and " that the petition does not state facts sufficient to constitute a cause of action ; " and by § 95, the demurrer must specify the grounds of objection, or else be regarded as limited to the latter ground only. By § 96, " when any of the defects enumerated in § 94 do not appear upon the face of the petition, the objection may be taken by answer ; " and in every case, by § 99, the answer must contain " a general or specific denial of each material allegation of the petition controverted by the defendant," and " a statement of any new matter constituting a defence."

Under this code, as under the code of New York, upon which it was modelled, the answer takes the place of all pleas at common law, whether general or special, in abatement or to the merits; and a positive denial in the answer of "each and every allegation in the petition " puts in issue every material allegation therein, as fully as if it had been specifically and separately denied. *Sweet* v. *Tuttle,* 14 N. Y. 465 ; *Gardner* v. *Clark,* 21 N. Y. 399 ; *Donovan* v. *Fowler,* 17 Nebraska, 247 ; *Hassett* v. *Curtis,* 20 Nebraska, 162; Maxwell's Practice (4th ed.) 127, 128 ; Bliss on Code Pleading (2d ed.) § 345.

And by the express terms of §§ 94, 96, above cited, an objection that the court has no jurisdiction, either of the person of the defendant or of the subject of the action, may be taken by demurrer, if it appears on the face of the petition, and by answer, if it does not so appear.

The necessary consequence is that the allegation of the citizenship of the parties, being a material allegation properly made in the petition, was put in issue by the answer, and, like other affirmative and material allegations made by the plaintiff and denied by the defendant, must be proved by the plaintiff. The record showing no proof or finding upon this essential point, on which the jurisdiction of the Circuit Court depended, the judgment must be reversed, with costs, for want of jurisdiction in the Circuit Court, and the case remanded to that court, which may, in its discretion, either dismiss the action for want of jurisdiction, or set aside the verdict and permit the plaintiff to offer evidence of the citizenship of the parties. *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237.

> *Judgment reversed, and case remanded to the Circuit Court for further proceedings in accordance with the opinion of this court.*