YOCUM et al. v. PARKER et al.

(Circuit Court of Appeals, Eighth Circuit. April 8, 1904.)

No. 1,964

1. JURISDICTION OF FEDERAL COURTS—ALLEGATIONS OF CITIZENSHIP.

An averment of residence is not equivalent to one of citizenship for the purpose of invoking the jurisdiction of a federal court.

2. SAME—DENIAL OF JURISDICTIONAL ALLEGATIONS.

A federal court is without jurisdiction of an action at law where the answer contains a general denial, which under the state practice puts in

¶ 1. Averments of citizenship to show jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

issue the jurisdictional allegations of the complaint, and there is no proof to sustain such allegations.

In Error to the Circuit Court of the United States for the Western District of Missouri.

For opinion below, see 130 Fed. 722.

This was an action in ejectment to recover possession of real property in Platte county, Mo. In the jurisdictional averments of the petition it is recited that one of the plaintiffs is a resident of the state of Colorado, that the other is a resident of the state of Idaho, and that all of the defendants are residents and citizens of the state of Missouri. The answer of the defendants contains a general denial, but does not contain any admission or averment concerning the residence and citizenship of the parties. There is nothing in the remainder of the record touching the matter. Upon motion of the defendants, judgment upon the pleadings was rendered by the Circuit Court in their favor. The judgment was upon the merits.

Vinton Pike and J. B. Shackelford, for plaintiffs in error.

J. W. Coburn and B. R. Vineyard, for defendants in error.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Courts of the United States are of limited jurisdiction, and the cases of which they have cognizance are specially circumstanced. Hence the presumption that a cause is without the jurisdiction of one of those courts unless the contrary affirmatively appears from the record. This doctrine was announced more than a century ago by the Supreme Court (Turner v. Bank, 4 Dall. 8, 1 L. Ed. 718), and it has since been frequently applied and unvaryingly adhered to. The question of jurisdiction is self-asserting in every case. It arises although the litigants are silent. Even their consent cannot authorize cognizance if fundamental grounds of jurisdiction are absent.

An attempt was made in the case before us to invoke the jurisdiction of the Circuit Court on the ground of diversity of citizenship. But the citizenship of the plaintiffs does not appear. An averment of residence is not an averment of citizenship. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057. Passing this, the defendants denied by their answer that the plaintiffs were even residents respectively of the states of Colorado and Idaho, and they also denied that they themselves were citizens of the state of Missouri. By the rules of the common law, objections to the jurisdiction of the court were pleadable in abatement only (Sheppard v. Graves, 14 How. 504, 510, 14 L. Ed. 518), but by the act of June 1, 1872, c. 255, § 5, 17 Stat. 197 (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), the rules of pleading and practice in actions at law in the Circuit and District Courts of the United States were assimilated to those prevailing in the courts of the states. Under the civil practice act of Missouri, if the want of jurisdiction is apparent on the face of the petition, advantage thereof may be taken by demurrer; otherwise it may be taken by answer, together with defenses upon the merits. Rev. St. Mo. 1899, §§ 598, 602, 604. In that state a general denial puts in issue every fact which it is incumbent upon the plaintiff to prove. Waiving the rule that residence is not synonymous with citi-

zenship, nevertheless the absence of proof upon the issue of fact tendered by the answer required the court to proceed as though the plaintiffs' averments of the jurisdictional status of the parties were unsustained. The judgment was rendered in favor of defendants upon the pleadings, and no room is left for inferences or presumptions, even were it proper to indulge in them. The conclusion is unavoidable that the Circuit Court was without jurisdiction. Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579; Southern Pacific Company v. Denton, 146 U. S. 209, 13 Sup. Ct. 44, 36 L. Ed. 942; Mattingly v. Railroad, 158 U. S. 57, 15 Sup. Ct. 725, 39 L. Ed. 894. The controlling facts in Roberts v. Lewis, supra, and those in the cause before us are substantially identical.

The judgment will be reversed, and the cause remanded to the Circuit Court with directions to dismiss the same, unless by appropriate proceedings under the direction of that court its jurisdiction is made to appear.