### SANBO v. UNION PAC. COAL CO.

(Circuit Court of Appeals, Eighth Circuit. September 14, 1905.)

No. 2,158.

COURTS—JURISDICTION OF FEDERAL COURT—AVERMENT OF CITIZENSHIP.

    An averment of the residence of a plaintiff is not equivalent to one of citizenship, and does not give a Circuit Court jurisdiction, where it is dependent on diversity of citizenship.

    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 878.

    Averments of citizenship to show jurisdiction of federal courts, see notes to Shipp v. Williams, 10 C. C. A. 261; Mason v. Dullagham, 27 C. C. A. 303.]

In Error to the Circuit Court of the United States for the District of Colorado.

See 130 Fed. 52.

A. L. Doud (A. J. Fowler, on the brief), for plaintiff in error.

Clayton C. Dorsey (William V. Hodges and W. R. Kelly, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

PER CURIAM. The jurisdiction of the court below depends upon the citizenship of the parties, in this case, and there was a judg-

ment.upon the merits against the plaintiff. There is an averment in the complaint that the plaintiff is a resident, but no allegation that he is a citizen of any state. The judgment is reversed upon the ground that the Circuit Court had no jurisdiction of the action, and the case is remanded to that court, with instructions to allow or to refuse to allow an amendment in this particular, in its discretion, with the costs of this court and of the court below against the plaintiff, upon the authority of Yocum v. Parker, 130 Fed. 770, 66 C. C. A. 80; Id., 134 Fed. 205, 67 C. C. A. 227; Robertson v. Cease, 97 U. S. 646, 650, 24 L. Ed. 1057; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873, 30 L. Ed. 914; Horne v. Hammond, 155 U. S. 393, 15 Sup. Ct. 167, 39 L. Ed. 197.