COLE et al. v. CARSON.*

(Circuit Court of Appeals, Eighth Circuit. April 17, 1907.)

No. 2,450.

COURTS—FEDERAL COURTS—ADOPTION OF STATE PRACTICE—PLEADING—JURIS-
DICTION—DIVERSITY OF CITIZENSHIP—DENIAL BY ANSWER.

Rev. St. Mo. 1899, § 596 [Ann. St. 1906, p. 622], provides that the only plea on the part of the defendant is a demurrer or answer. Section 604 declares that the answer shall contain, first, a general or special denial; and second, a statement of any new matter constituting a defense or counterclaim. Section 605 authorizes a defendant to set forth, by answer, as many defenses and counterclaims as he may have. *Held*, that since the enactment of the conformity act (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), it is not necessary for a defendant in a suit in a federal court sitting in Missouri to raise the question of jurisdiction by plea in abatement, but that an answer containing a general denial, etc., was effective to put in issue the allegations of diverse citizenship.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 921.

Conformity of practice in common law actions to that of state courts, see note to O'Connell v. Reed, 5 C. C. A. 594; Mederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the Southwestern Division of the District of Missouri.

M. R. Lively and W. R. Robertson, for plaintiffs in error.

Hiram W. Currey and George V. Farris, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. The trustee in bankruptcy of the Missouri Development Company, incorporated under the laws of the state of Indiana, brought his action in the court below against the defendants, charging them with the conversion of certain property belonging to the bankrupt. It was alleged in the petition that the trustee and the bankrupt were citizens of the state of Indiana and that the defendants were citizens of the state of Missouri. The latter appeared to the action and filed an answer, denying each and every allegation of the petition, and pleaded some affirmative defenses. The case was tried to a jury resulting in a verdict for plaintiff. Many errors were assigned by the defendants, who are prosecuting this writ of error; but in the view we take of the question of jurisdiction these need not be considered. Although issue was joined on the allegation of diversity of citizenship of the parties, no proof was produced tending to establish the affirmative of the issue so tendered, and defendants now urge the want of such proof as ground for reversal of the judgment.

*Rehearing denied June 11, 1907.

Prior to the enactment of the act of June, 1872 (Rev. St. § 914, [U. S. Comp. St. 1901, p. 684]), known as the "Conformity Act," if the requisite citizenship of the parties was properly alleged in the petition, it was deemed admitted by pleading to the merits without having first filed a plea in abatement denying it. Sheppard v. Graves, 14 How. 505, 14 L. Ed. 518; Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579. But since the assimilation of the practice in the national courts to that in the state courts by the conformity act, in those states where the answer takes the place of all pleas at common law, and where it must contain a general or specific denial of each material allegation of the petition controverted by the defendant, the common-law requirement of pleading matters in abatement of the action before taking issue on the merits has become obsolete, and a denial in the answer of all the allegations of the petition puts each and all of them in issue, whether they be matters in abatement or bar. Roberts v. Lewis, supra. Yocum v. Parker, 66 C. C. A. 80, 130 Fed. 770; Roberts v. Langenbach, 56 C. C. A. 253, 119 Fed. 349.

The determination of the question now under consideration, therefore, depends upon whether the Code of Missouri, whence this case came, requires matters of abatement to be pleaded as a part of an answer to the merits, or whether the rule of the common law on the subject is applicable to them. The Code provides that "the only plea on the part of the defendant is either a demurrer or an answer" (section 596, Rev. St. Mo. 1899 [Ann. St. 1906, p. 622]) ; that "the answer of the defendant shall contain first a general or special denial of each material allegation of the petition controverted by the defendant or any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defense or counter-claim in ordinary and concise language and without repetition" (section 604, supra) ; that "the defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both" (section 605, supra). The foregoing provisions of the Missouri Code, in our opinion, clearly indicate that everything constituting a defense to an action, whether in abatement or to the merits, must, unless the defect appears on the face of the petition, be presented in an answer, which is the only pleading other than a demurrer, recognized by the statute.

But it is contended that the Supreme Court of Missouri has held otherwise, and our attention is called to the following cases: Northrup v. Mississippi Valley Ins. Co., 47 Mo. 435, 4 Am. Rep. 337; Rippstein v. St. Louis Mut. Life Ins. Co., 57 Mo. 86; Rogers v. Marsh, 73 Mo. 64; Baier v. Berberich, 85 Mo. 50; Paddock v. Somes, 102 Mo. 226, 14 S. W. 746, 10 L. R. A. 254, and others in support of that contention. These have been critically examined, and, while in some of them, noticeably the Rippstein Case, countenance is given to plaintiff's view, others are disposed of on the ground that certain specific objections not apparent on the face of the petition must be taken by answer or be held waived.

But whatever sanction may have been given to that contention in the Rippstein and other cases appears to have been distinctly repudiated in Little v. Harrington, 71 Mo. 390, wherein the Supreme Court, by Chief Justice Sherwood, considered the question, and after adverting to the statutory provisions supra says as follows:

"It is evident from these statutory provisions that only one answer is contemplated, and this to contain whatever defense or defenses the defendant may have, thus dispensing with the common-law rule that a plea in bar waives all dilatory pleas, or pleas not going to the merits. * * * Matter in abatement is as much a defense to the pending actions as matter in bar, and to say that the defendant may reserve the latter until a trial shall have been had upon the issues, in regard to the former would interpolate what is not in the statute; would be inconsistent with its plain and simple requirements."

To the same effect are Byler v. Jones, 79 Mo. 261; Young Men's Christian Association v. Dubach, 82 Mo. 475; Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267; State ex inf. v. Vallins, 140 Mo. 523, 41 S. W. 887.

In the last-mentioned case, which was an information in the nature of quo warranto, the following language is employed:

"The assertion is made by counsel for respondents, in substance, that inasmuch as proceedings in quo warranto are governed here by the common law that, in consequence of this, it was not admissible to plead at the same time to the jurisdiction and also to the merits, and the intimation is given that there are other matters yet held in reserve and to be brought forward in resistance to the information. On this it is enough to say that, although the present proceeding is in effect as it was at common law, yet at the same time it is but a civil action, as we have often declared, and, being such, there is but one answer allowable in such cases, and that must contain all the defenses the party has, no matter what their nature, whether in abatement or in bar."

From the foregoing there can be no doubt as to the present attitude of the Supreme Court of Missouri on the question under consideration, whatever it may have originally been. The statutes so construed by that court are substantially the same as provisions found in the Code of Civil Procedure of Nebraska, which were under consideration by the Supreme Court in Roberts v. Lewis, supra. Mr. Justice Gray, in delivering the opinion in that case, makes use of the following language:

"The necessary consequence is that the allegation of the citizenship of the parties, being a material allegation properly made in the petition, was put in issue by the answer, and, like other affirmative and material allegations made by the plaintiff and denied by the defendant, must be proved by the plaintiff. The record showing no proof or finding upon this essential point, on which the jurisdiction of the circuit court depended, the judgment must be reversed, with costs for want of jurisdiction," etc.

This court in Yocum v. Parker, supra, had under consideration the question we are now considering, and reached the conclusion which we now reach. We might well have disposed of the present case by reversing it on the authority of that one; but, as counsel have earnestly argued the question anew in the light of Missouri statutes and authorities, we have carefully considered it again with the result indicated. Our attention is called to Adams v. Shirk, 55 C. C. A. 25, 117 Fed. 801, and Every Evening Printing Co. v. Butler, 144 Fed.

916, 75 C. C. A. 657, and cases therein cited, as authority against the conclusion now reached, but on examination they are not found to raise the question now before us as to the effect of code pleadings.

The judgment will be reversed, and the cause remanded to the Circuit Court, with directions to dismiss it unless by some appropriate proceeding jurisdiction is made to appear. It is so ordered.