PEPER AUTOMOBILE CO. v. AMERICAN MOTOR CAR SALES CO.

(Circuit Court, E. D. Missouri, E. D.   June 14, 1910.)

No. 5,811.

1. COURTS (§§ 280, 347*)—FEDERAL COURTS—JURISDICTION—RAISING OBJECTION.

Where an objection goes to the jurisdiction of the court over the subject-matter, the defense, in Code states, may be put in on the general issue; and, where such practice is followed in the federal Circuit Courts sitting in such states, no presumption of jurisdiction attends their judgments or decrees, but facts showing jurisdiction must appear of record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816, 817, 921; Dec. Dig. §§ 280, 347.*]

2. COURTS (§§ 24, 37*)—JURISDICTION—WAIVER.

Jurisdiction of the court over the subject-matter of the controversy cannot be waived by the parties, nor can it be conferred by consent.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 76–78, 147–151; Dec. Dig. §§ 24, 37.*]

3. COURTS (§ 280*)—FEDERAL COURTS—JURISDICTION OF PERSON—OBJECTION—DETERMINATION.

Jurisdiction of the person of the defendant rests on the actual facts, and not on the accuracy of the decision of the marshal of the question whether defendant corporation, at the date of the service, was doing business within the state and district, and, if so, whether the person on whom the writ was served was the defendant's representative in doing such business.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 816; Dec. Dig. § 280.*

Jurisdiction of federal courts over corporations, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.]

4. COURTS (§ 324*)—FEDERAL COURTS—JURISDICTION OVER PERSON—FORM OF OBJECTION.

Challenge to the court's jurisdiction over the person of the defendant cannot be made by answer to the merits or coupled with such answer, but must be by motion to quash the return and set aside the service.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 882; Dec. Dig. § 324.*]

5. JURY (§ 16*)—TRIAL BY JURY—SERVICE.

Const. Amend. 7, preserves the right to trial by jury in suits at common law according to the rules thereof. Rev. St. § 648 (U. S. Comp. St. 1901, p 525), provides that the trial of issues of fact in Circuit Courts shall be by jury, except in cases of equity, admiralty, and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy; and section 649 declares that issues of fact in civil cases in any Circuit Court may be determined by a court without the intervention of a jury whenever the parties, or their attorneys, file a stipulation waiving a jury, etc. Held that, on a motion to quash the service on a foreign corporation defendant, it was not entitled to a jury trial of the issues whether it was doing business within the state, and whether the person on whom service was made was its representative.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 16.*]

At Law. Action by the Peper Automobile Company against the American Motor Car Sales Company. On motion to quash the return and set aside the service. Sustained.

Jones, Jones, Hocker & Davis, for plaintiff.
Watts, Williams & Dines, for defendant.

POLLOCK, District Judge. This action to recover damages for breach of contract was commenced March 4, 1910. It is alleged in the petition that plaintiff is a citizen and resident of the city of St. Louis, and the defendant a citizen and resident of the city of New York, having an agent and office in the city of St. Louis. On præcipe duly filed for that purpose, a writ of summons was issued which by direction of counsel for plaintiff was served by the marshal on one J. H. Cody as agent for defendant company; the return of the marshal being as follows, to wit:

"I do hereby certify that by direction of the attorneys of record of the within-named plaintiff I served the within writ on the 5th day of March, A. D. 1910, in the Eastern district of Missouri on the within-named defendant, American Motor Car Sales Company, said corporation then having an office and doing business in the city of St. Louis and state of Missouri, by delivering to J. H. Cody, agent of said defendant corporation, at said office and place of business, a true copy of said writ, together with a true copy of the petition in this cause, annexed, as furnished by the clerk, the said J. H. Cody being then and there in charge of said office and place of business."

On March 21st thereafter, defendant entered its special appearance and filed its motion to quash this return of the marshal and set aside the service so obtained on defendant. The grounds of this motion are that the defendant was not, as stated in such return, doing business in the state of Missouri and within the jurisdiction of the court at the date of the pretended service upon it, and that the person on whom the writ was served was not the agent or representative of defendant. This motion is supported by the affidavit of John H. Cody, the party on whom the service was actually made, John H. Willys, president of the defendant company, William H. Atkinson, manager of the defendant company in the city of Toledo in the state of Ohio, and Frederick A. Barker, general sales agent of the defendant company, resident of the same place. On March 24th the plaintiff filed its motion to strike from the files the motion of defendant to quash service. On March 25th this motion was by the consideration of the court overruled. Thereafter and on April 7th, the plaintiff filed what it styles its "reply" to the plea in abatement of defendant. The matter was presented to the court and stands now for decision.

It is the contention of counsel for plaintiff the matter so presented is one for the consideration of a jury, and a trial by jury is demanded. Is the plaintiff entitled to such trial by jury on the matters presented? If so, it is clear the court has neither the power to deny it such right, nor to receive in evidence the affidavits filed by defendant in support of its motion to quash, to which plaintiff has replied, because such affidavits are not competent evidence in the trial of an issue of fact before a jury.

The seventh article of amendment to the Constitution provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by

a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

Section 648, Rev. St. (U. S. Comp. St. 1901, p. 525), provides:

"The trial of issues of fact in the Circuit Courts shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, and by the next section."

Section 649 (U. S. Comp. St. 1901, p. 525) provides:

"Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury, etc."

It has been held repeatedly, where the objection goes not to the jurisdiction of the court over the person of a party litigant, but to the subject-matter in litigation, such defense may, in Code states, such as this, be put in on the general issue, and, where so put in issue, as the Circuit Courts of the United States are courts of special and limited jurisdiction, no presumption of jurisdiction attends on their judgments or decrees; but facts showing the lawful right of the court to exercise the power thus·denied must appear from the record.   Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579; Yocum v. Parker, 130 Fed. 770, 66 C. C. A. 80; Cole v. Carson, 153 Fed. 278, 82 C. C. A. 408; Roberts v. Langenbach, 119 Fed. 349, 56 C. C. A. 253.   If in·such cases the answer be true in point of fact, the want of jurisdiction pleaded cannot be waived by the parties or conferred on their consent, and the judgment of the court in assuming to act without proof of the facts on which its special jurisdiction rests is void and of no effect.

However, the question here presented is not one which arises as to the jurisdiction of the court over the subject-matter of the litigation. Jurisdiction over the subject-matter is conceded.   The question here presented touches only this one matter: Did the court by the service of the summons, as shown by the return of the marshal, acquire jurisdiction over the person of the defendant?   The determination of this question must rest on the actual facts, and not upon the accuracy of the decision of the marshal of the question as to whether the defendant was at the date of the service doing business in the state,and district, and, if so, whether the person on whom the writ was served was the representative of the defendant in the doing of such business, for as defendant, by the declaration of plaintiff made for the purpose of showing the jurisdiction of the court over the subject-matter of the litigation, is alleged to be a corporate citizen of the state of New York, it must of necessity have been engaged in doing business in this jurisdiction, else it was·not amenable to the process of this court without its consent.   Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. ——; Peterson v. Chicago, Rock Island & Pac. Ry., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; Green v. Chicago, Burlington & Quincy Ry., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431.

The jurisdiction of this court over the subject-matter of the action made by the declaration of plaintiff being undoubted, the plaintiff by the filing of its declaration herein having submitted itself to the jurisdiction of the court, and having procured the issuance and service of process for defendant, regular in form, and having caused service of such process to be made by the marshal in such form as shown by the return thereon as to confer jurisdiction on the court over the person of defendant in the event it failed to appear, or in event of appearing it failed to first challenge the jurisdiction of the court over its person, it is clear such challenge cannot be made by way of answer to the merits or coupled with such answer to the merits as may be done in case the objection goes to the want of jurisdiction over the subject-matter, as was done in cases of that character above cited.

The only contention therefore raised for decision being one going to the correctness of the conclusion drawn by the marshal from appearance as set forth in his return that defendant was at the time of the service doing business in this state of such character and in such manner as to subject it to the jurisdiction of the court at the suit of plaintiff, and that Cody was its agent and representative in the transaction of such business, and the question thus decided and the result determined by the return of the marshal being one for the determination of this court as to its jurisdiction when questioned by the defendant in limine, prior to any general appearance in response to the command of the writ, there is, to my mind, no valid reason appearing why the court, without the intervention of a jury, may not and should not proceed to an investigation and decision of such question touching its jurisdiction so acquired over the person of defendant. The question presented is not such an issue of fact as entitles the plaintiff to a jury trial thereof as a matter of right under the Constitution and the statute. This has been the manner in which the precise question here presented has been determined by the courts under the accustomed practice, as evidenced by many adjudicated cases. Mechanical Appliance Company v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. ——; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Peterson v. Chicago, Rock Island & Pac. Ry., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Green v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; Wabash Western Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Boardman v. S. S. McClure Co. (C. C.) 123 Fed. 614; Forrest v. Pittsburg Bridge Co., 116 Fed. 357, 53 C. C. A. 577; Wall v. Chesapeake & O. R. Co., 95 Fed. 398, 37 C. C. A. 129; Feder v. A. B. Fiedler & Sons et al. (C. C.) 116 Fed. 378; American Cereal Co. v. Eli Pettijohn Cereal Co. (C. C.) 70 Fed. 276.

In Mechanical Appliance Company v. Castleman, supra, which case was determined in the Circuit Court on a plea to the jurisdiction over the person of the defendant, and in which case affidavits were filed in support of the plea, Mr. Justice Day, delivering the opinion, said:

"The Circuit Court should have considered the question upon the issues of fact raised, as to the presence of the corporation in Missouri and the authority of the agent upon whom service had been attempted. It is true, as suggested by the defendant in error, that the affidavits appearing in the bill of exceptions are stated to have been filed, and there is no definite statement that they were offered to be read in evidence; but we think it is apparent that they were filed for that purpose. No objection appears in the record to the filing of the affidavits; on the other hand, it appears that plaintiff below also filed an affidavit. These affidavits are made a part of the record by a bill of exceptions, and we think they should have been considered upon the question of jurisdiction."

From a consideration of that case, it must be assumed the court was not of the opinion the question presented was such an issue of fact as is contemplated by the constitutional and statutory provisions above quoted on which a trial by jury was demandable of right, else the ex parte affidavits would not have constituted competent evidence as to the facts presented to the court for decision.

I am therefore of the opinion the question presented is one touching the jurisdiction of the court over the person of the defendant; that the question presented is one for the determination of the court, and not such an issue of fact as entitles the plaintiff to demand a trial thereof by jury as a matter of right under the Constitution and laws.

Recurring to the affidavits filed in support of the motion to quash, it is entirely clear from a consideration of the same that the defendant company was not so doing business within the jurisdiction of the court through J. H. Cody, the person on whom the summons was served, as its agent and representative, that valid service of process sufficient to bring the defendant before the court to answer to its judgment might be made.

The motion to quash must be sustained, and it is so ordered.