### ROSENBERG v. SHULER.

(District Court, E. D. Oklahoma. May 29, 1923.)

#### No. 3351.

1. **Courts ⊚⇒280—Jurisdiction of federal courts must affirmatively appear from record.**

   A federal court being a court of limited jurisdiction, its jurisdiction is never presumed, but must appear affirmatively from the record.

2. **Courts ⊚⇒280—Burden on plaintiff to prove jurisdiction.**

   Oklahoma being a Code state, and the answer in an action for broker's commission having denied the allegations of plaintiff's petition, the burden was on plaintiff to prove facts material to show the jurisdiction of the federal court.

3. **Courts ⊚⇒322(2)—Allegation of diversity of residence not allegation of diversity of citizenship.**

   An allegation of diversity of residence is not a sufficient allegation of diversity of citizenship to clothe a federal court with jurisdiction.

4. **Courts ⊚⇒323—Allegation and evidence of diversity of residence insufficient to confer jurisdiction on federal court.**

   Allegation and evidence that plaintiff was a resident of New York and allegation that defendant was a resident of Oklahoma *held* insufficient to give the federal courts jurisdiction of the controversy for diversity of citizenship.

5. **Brokers ⊚⇒8(3)—Evidence held insufficient to warrant recovery of commission.**

   In an action by a broker to recover commissions alleged to have been earned by him, uncontradicted testimony by one of plaintiff's witnesses that the only contract which plaintiff entered into was with another broker to assist him in making the sale, the commission to be divided equally between plaintiff and such other broker, *held* insufficient to establish plaintiff's right to a commission from defendant.

At Law. Action by Henry J. Rosenberg against Isaac Shuler. Plaintiff had judgment, and defendant moves for a new trial. Motion granted.

Stuart, Cruce & Bland, of Tulsa, Okl., for plaintiff.
J. J. Jones, of Chanute, Kan., for defendant.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PHILLIPS, District Judge. This is an action to recover for a broker's commission. The cause was tried to a jury, and a verdict returned awarding the plaintiff damages in the sum of $67,500.

Whereupon the defendant filed a motion for a new trial, setting up that facts essential to give this court jurisdiction do not appear in the record, that the verdict is contrary to the evidence, and that the evidence both of plaintiff and defendant show the only brokerage contract entered into by defendant was with one Whitney, and not with plaintiff, and therefore plaintiff wholly failed to prove the contract upon which his cause of action is predicated.

[1] The first question presented, therefore, is: Does the record show facts giving this court jurisdiction?

A federal court being a court of limited jurisdiction, jurisdiction is never presumed, but must appear affirmatively. Turner, Adm'r, v. Bank of North America, 4 Dall. 7, 1 L. Ed. 718; Grace v. American Central Insurance Co., 109 U. S. 278, at page 283, 3 Sup. Ct. 207, at page 210 (27 L. Ed. 932), where the court said:

"As the jurisdiction of the Circuit Court is limited, in the sense that it has no other jurisdiction than that conferred by the Constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears. Turner v. Bank of North America, 4 Dall. 8; Ex parte Smith, 94 U. S. 455; Robertson v. Cease, 97 U. S. 646. In the last case it is said that, 'where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record.' Railway Co. v. Ramsay, 22 Wall. 322; Briges v. Sperry, 95 U. S. 401. In Brown v. Keene, 8 Pet. 112, it is declared not to be sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings; that the averments should be positive."

The jurisdiction of this court in the instant case rests solely on diversity of citizenship.

The petition alleges:

"Plaintiff states that at all times hereinafter mentioned he was and is an actual resident of the city of New York, in the State of New York; that the defendant, Isaac Shuler, is a resident of Tulsa, Tulsa county, Oklahoma."

The answer alleges:

"First. This defendant denies that the plaintiff is now, or was at the times mentioned in the complaint, a resident of the city of New York, in the state of New York, and states upon information and belief that the said plaintiff is and was, at the time of filing this action, and at all times mentioned in the complaint, a resident of the state of Oklahoma.

"Second. The defendant denies each, every, all, and singular the allegations in the complaint contained."

[2] Oklahoma being a Code state, and the answer having denied the allegations of the petition, the burden of proving facts material to show jurisdiction rested on the plaintiff.

[3] The petition does not allege diversity of citizenship. An allegation of diversity of residence is not sufficient. In the case of Shaw v. Quincy Mining Co., 145 U. S. 444, at page 447, 12 Sup. Ct. 935, at page 936 (36 L. Ed. 768), the court said:

"It was held by this court from the beginning that an averment that a party resided within the state or the district in which the suit was brought

was not sufficient to support the jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the state, which was the fact on which the jurisdiction depended under the provisions of the Constitution and of the Judiciary Act. Bingham v. Cabot, 3 Dall. 382; Turner v. Bank of North America, 4 Dall. 8; Abercrombie v. Dupuis, 1 Cranch, 343; Hodgson v. Bowerbank, 5 Cranch, 303; Brown v. Keene, 8 Pet. 112, 115. The same rule has been maintained to the present day, and has been held to be unaffected by the Fourteenth Amendment of the Constitution, declaring that 'all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.' Robertson v. Cease, 97 U. S. 646; Grace v. American Ins. Co., 109 U. S. 278; Timmons v. Elyton Land Co., 139 U. S. 378; Denny v. Pironi, 141 U. S. 121."

And in the case of Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. 874, 30 L. Ed. 914, the court said:

"This record does not show that the Circuit Court had jurisdiction of the suit, which depended alone on the citizenship of the parties. The petition states that Edmund Manard, the plaintiff, 'resides in Randolph county, in the state of Illinois,' and that the defendants, of whom Thomas Goggan, the defendant in error was one, 'reside in the city of Galveston,' in the state of Texas. There is nothing else from which the citizenship of either party can be inferred, and this is not enough. We have so held at the present term in Continental Insurance Company v. Rhoads, 119 U. S. 237, where the authorities are cited; Halsted v. Buster, 119 U. S. 341; and Everhart v. Huntsville College, 120 U. S. 223."

The only proof in the record going to this point is the following:

"Q. State your name to the court and jury. A. Henry J. Rosenberg.

"Q. Where do you live, Mr. Rosenberg? A. New York City.

"Q. Have you been in Tulsa for some time? A. Yes, sir.

"Q. How long have you been in Tulsa? A. I don't know; for the last eight years.

"Q. You are acquainted with Mr. Shuler, the defendant in this case, aren't you? A. Yes, sir.

"Q. What has been your business while being in Tulsa, Mr. Rosenberg? A. Broker in oil and gas properties, leases."

In the case of Hill et al. v. Walker, 167 Fed. 241, 92 C. C. A. 633, where the allegations were that the plaintiff is a citizen of the state of Illinois and the defendant a corporation organized under the laws of Missouri and the answer a general denial, the plaintiff testified as follows:

"Q. Where do you reside? A. I live in Vandalia, Ill."

Judge Sanborn concurred with the main opinion as follows:

"Sanborn, Circuit Judge, concurs in the result on the ground that, inasmuch as no request or motion was made at the close of the trial that the court should hold and declare as a matter of law that there was no substantial evidence to sustain the jurisdictional averments of the complaint and that it should dismiss the action on that account, that question is not open for consideration in this court, and on the further ground that, if it were open, there was sufficient proof to sustain the jurisdictional allegations."

Judge Hook in a dissenting opinion said:

"The result of the evidence in this case is debatable, and I shall not further refer to it than to say that, as an averment of residence is universally held not one of citizenship, mere proof of residence without more is not proof of citizenship."

In the case of Sun Printing & Publishing Association v. Edwards, 194 U. S. 377, 24 Sup. Ct. 696, 48 L. Ed. 1027, the facts upon which the question of jurisdiction arose are stated as follows:

"The facts out of which the question of jurisdiction arises are as follows: The action is for breach of contract of employment. The complaint avers and the answer admits that defendant is a domestic corporation, duly organized and existing under the laws of New York, having its principal office for the transaction of business in the Southern district of New York. The complaint further avers and the answer admits that 'plaintiff is a resident of the State of Delaware.' Upon the trial the plaintiff testified: 'I started in the printing business about 30 years ago. * * * I have been on the New York Tribune, on the World, the Philadelphia Record, and the American Press Association. * * * I had charge of the Morning News, Wilmington, Del. * * * In this city [New York] I worked on the New York Tribune, on the Sun, on the World, and in the American Press Association. * * * Just prior to my going to work upon the New York Sun [under the contract in suit] I was the publisher and business manager of the Evening Journal of Wilmington, Del., and president of the company. * * * After my discharge from the employ of the Sun, I finally secured a place with the New Haven Palladium, and I was there a while. * * * One of the reasons I left the New Haven Palladium was that it was too far away from home. I lived in Delaware, and I had to go back and forth. My family were over in Delaware.' There was no other testimony in any way bearing upon the plaintiff's residence or citizenship. The jurisdiction of the Circuit Court was not questioned by the defendant in the court below, and the assignments of error do not present any such question."

The court said:

"In the first place, it shows that Edwards, prior to his employment on the New York Sun and the New Haven Palladium, was legally domiciled in the state of Delaware. Next, it demonstrates that he had no intention to abandon such domicile, for he testified under oath as follows: 'One of the reasons I left the New Haven Palladium was, it was too far away from home. I lived in Delaware, and I had to go back and forth. My family are over in Delaware.' Now, it is elementary that, to effect a change of one's legal domicile, two things are indispensable: First, residence in a new domicile; and, second, the intention to remain there. The change cannot be made, except facto et animo. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. Mitchell v. United States, 21 Wall. 350. As Delaware must, then, be held to have been the legal domicile of Edwards at the time he commenced this action, had it appeared that he was a citizen of the United States, it would have resulted, by operation of the Fourteenth Amendment, that Edwards was also a citizen of the state of Delaware. Anderson v. Watt, 138 U. S. 694. Be this as it may, however, Delaware being the legal domicile of Edwards, it was impossible for him to have been a citizen of another state, district, or territory, and he must then have been either a citizen of Delaware or a citizen or subject of a foreign state. In either of these contingencies, the Circuit Court would have had jurisdiction over the controversy. But, in the light of the testimony, we are satisfied that the averment in the complaint, that Edwards was a resident 'of' the state of Delaware, was intended to mean, and, reasonably construed, must be interpreted as averring, that the plaintiff was a citizen of the state of Delaware. Jones v. Andrews, 10 Wall. 327, 331; Express Company v. Kountze, 8 Wall. 342."

[4] In the case of Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623, the court said:

"These are appeals from a decree dismissing the original bill and a cross-bill in a suit begun in the Circuit Court of the United States for the Northern District of Alabama, by George M. Everhart against the Hunts-

ville Female Academy, George W. F. Price, Martha T. Rison, Myra J. Erwin, Robert M. Erwin, William H. Erwin, Joseph B. Erwin, and Marcus A. Erwin, and in which Hugh L. Clay, as administrator de bonis non of Abraham R. Erwin, deceased, was afterwards added as a defendant; but on looking into the record we find no sufficient evidence of the jurisdiction of the Circuit Court, which depends alone on the citizenship of the parties. It is stated in the original bill that Everhart is a resident of Wisconsin, and the same fact is also shown by the testimony; but this, as it has often been held, is not enough. An averment of residence is not the equivalent of an averment of citizenship for the purposes of jurisdiction in the courts of the United States."

In Hill v. Walker, supra, the pleading was sufficient, but the proof debatable. Judge Amidon, who wrote the main opinion, held, the pleading being sufficient, a prima facie case was made. Judge Sanborn's decision is already indicated. Judge Hook held that, since the action arose in Missouri, under the Code the answer by general denial raised the issue of diversity of citizenship, and that the burden of proof was on the plaintiff and the proof insufficient.

In Sun Printing & Publishing Co. v. Edwards, supra, the pleading was defective, but the proof clearly showed plaintiff to be a citizen of Delaware.

In Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623, both pleading and proof were insufficient.

In which category does the instant case fall? It seems to me that both pleading and proof are insufficient, and that the rule announced in Everhart v. Huntsville College controls.

The burden of proof was upon plaintiff to show diversity of citizenship; all allegations of the petition having been either generally or specially denied.

The Code of Oklahoma contains substantially the same provisions as the Codes of Utah, Nebraska, and Missouri referred to in the cases hereinafter cited. See Compiled Oklahoma Statutes Annotated 1921, §§ 263 to 273, inclusive. In the case of Lindsay-Bitton Live Stock Co. v. Justice et al., 191 Fed. 163, 111 C. C. A. 525, Judge Adams, writing the opinion, said:

"The jurisdiction of the Circuit Court for the District of Utah, which rendered the judgment sought to be reversed here, is first challenged by the plaintiff in error. Diversity of citizenship of the parties plaintiff and defendant below was the ground upon which jurisdiction was invoked. The plaintiffs in their complaint alleged: 'That said plaintiffs and each of them are residents within and citizens of the state of Pennsylvania; * * * that the defendant, Lindsay-Bitton Live Stock Company, is a corporation domiciled in the state of Utah, and is a citizen of said state. * * *' The answer of the defendant, after admitting certain averments of the complaint, not including those concerning citizenship of the parties, continues thus: 'Except as hereinbefore admitted and alleged, this defendant denies each and every allegation contained in plaintiffs' complaint.'

"The statutes of Utah (Comp. Laws Utah 1907, c. 12, § 2968 et seq.) contain the same provisions about pleadings as are found in the Code of Missouri referred to in Cole v. Carson, 82 C. C. A. 408, 153 Fed. 278. We held in that case, following Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579 (cited with approbation in Wells Co. v. Gastonia Co., 198 U. S. 177, 182, 25 Sup. Ct. 640, 49 L. Ed. 1003, and in other prior cases), Yocum v. Parker, 66 C. C. A. 80, 130 Fed. 770, Roberts v. Langenbach, 56 C. C. A. 253, 119 Fed. 349, and Toledo Traction Co. v. Cameron, 69 C. C. A. 28, 137 Fed. 48, that, since 1872, when the conformity act (R. S. § 914 [U. S. Comp

St. 1901, p. 684]) was passed, in states where the answer according to the Code must contain a general or specific denial of each material allegation of the petition intended to be controverted by the defendant, the common-law requirement of pleading matters in abatement before taking issue on the merits is superseded, and that the general denial in the answer puts each and every such allegation in issue, whether they be matters in abatement or in bar. According to the doctrine of the foregoing cases, the general denial in the defendant's answer put in issue plaintiffs' allegations of diverse citizenship of the parties, and imposed upon him the obligation and indispensable duty of making proof of such allegations. No such proof was made in this case, and on the authority of the cases cited and in harmony with the latest utterance of the Supreme Court on the general subject (C., B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521), no other course is open to us but to reverse this judgment for want of proof of jurisdiction in the trial court.

"The case of Hill v. Walker, 92 C. C. A. 633, 167 Fed. 241, of course, has not escaped our attention. The writer of the main opinion in that case, Judge Amidon, seems unwilling to accept the interpretation this court had theretofore put upon the opinion of the Supreme Court in Roberts v. Lewis. The separate concurring opinion is not an assent to the views of Judge Amidon. Judge Sanborn, concurring in the result only, entertained the opinion that there was substantial evidence to sustain the jurisdictional averments, and held that, as no declarations of law were asked or given on that subject, no question was reserved for the consideration of this court. Judge Hook, in his dissenting opinion, critically analyzed all the cases, acknowledged the controlling authority of Roberts v. Lewis, and re-affirmed the doctrine of this court on the subject. Hill v. Walker is therefore no authority against the conclusion arrived at in this case. The judgment is therefore reversed, with directions to grant a new trial. If plaintiff on another trial shall be unable to prove the jurisdictional averments of his petition, the Circuit Court should dismiss his case, without prejudice, however, to his right to institute it in any other court of competent jurisdiction."

See, also, Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579; Cole v. Carson, 153 Fed. 278, 82 C. C. A. 408.

Clearly the plaintiff has not shown facts giving this court jurisdiction.

[5] I am also of the opinion that it appears, from the evidence of plaintiff's witness Rogers, whose testimony plaintiff did not deny or explain, that the only contract which plaintiff entered into was with Whitney, to assist him in making the sale, the commission to be divided equally between Whitney and plaintiff. Plaintiff's testimony that, at the time Fischer was taken to defendant's office by plaintiff, plaintiff said to defendant: "I said, 'Mr. Shuler, I understood from Mr. Whitney the usual 5 per cent. commission would be paid in this deal.' He made an affirmative nod, and said, 'Yes; that is correct,' something on that order, some affirmative answer," does not conflict with this evidence.

I do not believe, therefore, that the evidence warranted the verdict.

For the foregoing reasons, the motion for a new trial will be granted, with leave granted to the plaintiff to amend, so as to allege diversity of citizenship, if he is so advised. An order will be entered accordingly.