**Barbara DEROUSELLE, et al.**

v.

**WAL–MART STORES, INC.**

**Civil Action No. 95–0324.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

June 25, 1996.

jurisdiction). The law is well settled that a federal court is authorized to raise the issue of jurisdiction *sua sponte.* F.R.Civ.P. 12(h)(3); *Birmingham Post Co. v. Brown,* 217 F.2d 127, 129 (5th Cir.1954). In fact, because federal courts are courts of limited jurisdiction, the trial court is bound to assess for itself, even when not otherwise suggested, whether it possesses jurisdiction. This duty was affirmatively recognized in *Birmingham Post Co. v. Brown,* 217 F.2d at 129, citing *Yocum v. Parker,* 130 F. 770, 771, 66 C.C.A. 80 (8th Cir.):

> "The question of jurisdiction is self-asserting in every case. It arises although the litigants are silent. Even their consent cannot authorize cognizance if fundamental grounds of jurisdiction are absent."

A review of the face of the record raises a serious question concerning whether the jurisdictional amount of $50,000 exists in this case. The issue is fully addressed below.

### PROCEDURAL HISTORY AND BACKGROUND

The plaintiffs, Barbara and Vergis Derouselle, filed a petition against the defendant, Wal–Mart Stores, Inc., in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana, on March 3, 1994. The petition seeks damages for "mental anguish and suffering as well as physical suffering, embarrassment, humiliation, intimidation, intentional torts ..."[1] The petition alleges that the plaintiffs were "accosted" by a receipt-checker at the exit of Wal–Mart who demanded the return of their merchandise, and further that when they offered to allow viewing of their receipts, the receipt-checker called security, whereupon plaintiffs' merchandise was taken, they were forced to sign their receipts and their money was fully refunded. The petition does not seek a specified amount of damages.[2] Nor does the petition allege that the claims exceed or are less than the requisite amount to establish the right to a jury trial in state court.

W. Glenn Soileau, Breaux Bridge, Louisiana, for plaintiffs.

Philip Fontenot, Lafayette, Louisiana, for defendant.

### REASONS FOR REMAND

TYNES, United States Magistrate Judge.

This case was removed from the local state court based on the defendant's allegation that this court is vested with jurisdiction by virtue of 28 U.S.C. 1332 (diversity

1. Plaintiffs' Petition for Damages, paragraph 12.

2. La.Code Civ.Proc. art. 893(A)(1) (West Supp. 1995) expressly prohibits the inclusion of a specific monetary amount of damages in a prayer for relief.

Thereafter, on March 30, 1994 Wal–Mart filed an answer wherein it requested a trial by jury, and on the same date, propounded discovery interrogatories to each of the plaintiffs. On April 12, 1994, each plaintiff answered the interrogatories. The pertinent interrogatories for purposes of this jurisdictional discussion include nos. 19 and 20. Interrogatory No. 19 requested that each plaintiff itemize her damages and assign a numerical value to each item of damages. The responses provided by each of the plaintiffs were identical. Each plaintiff listed the following items of damages—"embarrassment, humiliation and mental anguish," and assigned an *in globo* value of $20,000.00. Interrogatory No. 20 explicitly inquired whether the amount in dispute exceeded the sum of $50,000.00, exclusive of interest and costs. Each plaintiff responded in the negative.

On February 9, 1995, the defendant moved to waive the trial by jury on grounds that the referenced interrogatory responses established that the amount in dispute was less than $50,000.00.[3] That motion was granted by the state trial judge.

On February 16, 1995, just one week after the state judge signed the order allowing Wal–Mart to waive the trial by jury, the plaintiff submitted supplemental and amending answers to interrogatory no. 19 stating that each plaintiff claimed damages in excess of $50,000.00. No explanation for the increase in the damages claimed was offered, but the timing of the amended response implies that the amendment was motivated by desire to preserve the right to trial by jury.

On February 23, 1995, Wal–Mart's counsel responded by filing a notice of removal to this court relying upon plaintiffs' amended response to interrogatory no. 19 to establish the $50,000.00 jurisdictional amount.

On February 27, 1996, a telephone conference was conducted with the district judge to whom the case was assigned at that time. During the conference, the plaintiff advised the court that the amount in controversy was in excess of the $50,000.00 jurisdictional amount, and made an oral motion for a trial by jury which was granted.

On March 15, 1996, at the pretrial conference held before the district judge, the plaintiff conceded that punitive damages were not a recoverable element of damages in this case, and also conceded that he had asserted no claim for any civil rights violation in this case. Thereafter, counsel consented to proceed to trial before the undersigned Magistrate Judge, and at the pretrial conference conducted May 31, 1996, plaintiff counsel conceded that the basis for all his claims was La.Civil Code Article 2315, and further, that neither plaintiff possessed a claim for physical injury.

A review of the pretrial stipulations filed March 1, 1996 reveals that the plaintiffs do not intend to call any medical providers as witnesses at trial. Plaintiff counsel confirmed this fact at the hearing on the jurisdictional issue on June 24, 1996.

At said hearing, plaintiff counsel further confirmed for the record that the duration of the incident sued upon was no longer than 30 minutes, that Barbara Derouselle has not sought any medical treatment in connection with the incident sued upon, that Vergis Derouselle claims that she obtained medical treatment from a general physician for a maximum period of 6–8 months and that she received prescriptions for nerve medication during that time frame, and finally, that the plaintiffs were never incarcerated as a result of the incident at Wal–Mart. Plaintiffs characterize the case as one of false arrest.

## LAW AND DISCUSSION

The Fifth Circuit recently held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000.00." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). Under the

---

**3.** La.Code Civ.Proc. art. 1732(1) (West Supp. 1995) provides that a trial by jury "shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,- 000.00 exclusive of interest and costs." This provision was amended in 1993 to raise the requisite minimum from $20,000.00 to $50,- 000.00.

preponderance standard, "[t]he defendant must produce evidence that establishes that the actual amount in controversy exceeds $50,000.00." *DeAguilar v. Boeing Co. (DeAguilar II)*, 47 F.3d 1404, 1411 (5th Cir. 1995). Further, removal "cannot be based simply upon conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335, citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).

■ In this case, the defendant's removal is based solely upon the plaintiffs' amended response to interrogatory no. 19, wherein plaintiffs claim in a conclusory fashion that the value of each of their cases exceeds $50,-000.00. This conclusory allegation is legally insufficient to establish diversity jurisdiction. Further, this court is satisfied that plaintiffs' assertions that each of their cases exceeds the value of $50,000.00, exclusive of interest and costs, are not based upon good faith evaluations of the weight of their cases.

■ At this juncture, it is important to recognize that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of Section 1332. *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1330. Further, the claims of Barbara Derouselle and Vergis Derouselle may not be aggregated in order to meet the $50,000.00 jurisdictional prerequisite. *Id.*

This case is essentially a wrongful detention/false arrest case seeking damages for mental anguish arising out of an incident which endured no more than 30 minutes. As stated above, Barbara Derouselle sought no medical treatment whatsoever, and Vergis Derouselle sought the treatment of a general physician who prescribed nerve medication for a maximum of 6–8 months. It is significant that the plaintiffs do not intend to call any medical care providers to testify concerning this treatment at trial. It is, likewise, significant that the plaintiffs did not list medical expenses as an item of special damages in the petition filed in state court, as required by La.Code of Civil Procedure Art. 861 as a prerequisite to recovery of special damages. Nor did plaintiffs list any medical

records or bills as exhibits on the final exhibit list in the joint pretrial stipulations filed with this court.[4]

Finally, and significantly, a review of Eason's Louisiana Quantum Study, 1996 Edition, and in particular, the cases synopsized under the false arrest chapter, located at pp. 97–100, reveals no case involving similar circumstances where an award approaching $50,000.00 was entered in favor of a plaintiff.

At the jurisdiction hearing, plaintiff counsel stated that his contention that each of the plaintiff's claims exceeded the value of $50,-000.00 was premised upon the possibility that a jury may award such a sum. This contention is the legal equivalent of the "some possibility" standard rejected as "too permissive" in *DeAguilar II*, 47 F.3d at 1411. This Court surmises that plaintiff counsel feels constrained to contend that each plaintiff's claim exceeds $50,000.00, exclusive of interest and costs, in order to preserve his right to trial by jury. Regardless of the tactical motivations of counsel, the dispositive question remains whether the defendant has produced evidence which establishes that the actual value of each of the plaintiff's claims exceeds $50,000.00.

For the reasons discussed above, the defendant has failed to carry the burden of establishing by a preponderance of the evidence that the value of either of the plaintiffs' cases exceeds $50,000.00, exclusive of interest and costs. Accordingly, subject matter jurisdiction does not exist, and this case shall be REMANDED to the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana.

---

4. The scheduling order which governs this action mandates that all exhibits to be offered at trial be listed on the final exhibit list, as a prerequisite to their admission.