# W. L. WELLS COMPANY *v.* GASTONIA COTTON MANU-FACTURING COMPANY.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 237.   Argued April 28, 1905.—Decided May 8, 1905.

The charter of a corporation in Mississippi provided that the incorporators "are hereby created a body politic and corporate," and also that "as soon as ten thousand dollars of stock is subscribed and paid for said corporation shall have power to commence business." The ten thousand dollars was not paid in, but the corporation after doing business commenced an action against a citizen of another State in the Circuit Court of the United States for North Carolina for goods sold; defendant denied any knowledge or information sufficient to form a belief as to plaintiff's corporate capacity. Plaintiff recovered in the Circuit Court but the Circuit Court of Appeals held that owing to the failure to pay in the amount specified in the charter, plaintiff was not a corporation and a citizen of Mississippi, and that the jurisdiction of the Circuit Court did not affirmatively appear. *Held*, error:

That the denial of defendant was sufficient under the practice of North Carolina to put the question of plaintiff's corporate capacity to sue in issue.

That for purposes of suing and being sued in the courts of the United States the members of a corporation are to be deemed citizens of the State by whose laws it was created.

That plaintiff became in law a corporation when its charter was approved and the Great Seal of the State affixed thereto, and as such was entitled to sue in the United States Circuit Court as a citizen of Mississippi, and the subscription and payment of the required amount of capital stock was not such a condition precedent that the corporation did not exist until it was paid. If the organization of the company as a corporation was tainted with fraud it was for the State by appropriate proceedings to annul the charter.

THE plaintiff, the W. L. Wells Company, seeks in this action to recover a balance alleged to be due from the defendant, the Gastonia Cotton Manufacturing Company, on account of certain sales of cotton in the years 1899 and 1900.

The complaint averred that the plaintiff and defendant were, respectively, created and duly organized as *corporations*—the former, under the laws of Mississippi; the latter, under the laws of North Carolina.

VOL. CXCVIII—12

The defendant admitted that it was a corporation, duly organized under the laws of North Carolina and a citizen and resident of that State, but averred that it had "no knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first section of the complaint, to wit, that the plaintiff is a corporation organized under the laws of the State of Mississippi and a citizen and resident of that State, and, therefore, it denies the said allegation." The other paragraphs of the answer put in issue the allegations of the complaint touching the plaintiff's claim against the defendant.

There was another action in the same court brought by the W. L. Wells Company against the Avon Mills on account of transactions like those involved in the other case.

By consent of the parties and pursuant to an order of court the two cases were consolidated and tried together. In answer to questions propounded by the court the jury found that the W. L. Wells Company was, as alleged in the complaint, a corporation and a citizen and resident of Mississippi and entitled to recover the sum of $39,313.88. A judgment was rendered for that amount against the Gastonia Cotton Manufacturing Company—the Circuit Court holding, upon a review of the evidence in connection with the findings of the jury, that the W. L. Wells Company was a corporation of Mississippi, and as such entitled to invoke the jurisdiction of that court as against the defendant corporation of North Carolina. 118 Fed. Rep. 190.

The case was then carried to the Circuit Court of Appeals which adjudged that the plaintiff had failed to establish the allegations of the complaint as to its corporate capacity, and, therefore, was not entitled to sue in the Circuit Court in its alleged corporate name. Without considering the merits of the case, that court reversed the judgment for want of jurisdiction in the Circuit Court and the cause was remanded with liberty to the plaintiff, if it was so advised, to amend the complaint by inserting the individual names of those constituting the company in whose name the action was brought, which

being done a new trial should be granted; and if the plaintiff declined to amend, then the case was to be dismissed without prejudice. 128 Fed. Rep. 369. Subsequently, the present writ of certiorari was granted.

*Mr. Joseph Hirsh* and *Mr. Charles W. Tillett,* with whom *Mr. Murray F. Smith* was on the brief, for petitioner:

Plaintiff was created a corporation by the terms of its charter, and its right to sue was thereby expressly authorized. *Perkins* v. *Sanders,* 56 Mississippi, 733, 739; *St. J. & Iowa R. R. Co.* v. *Shambaugh,* 166 Missouri, 567; *Hammond* v. *Strauss,* 53 Maryland, 1.

Plaintiff was at least a corporation *de facto. Tulare Irrigation District* v. *Shepard,* 185 U. S. 1, 13.

The corporate existence of plaintiff cannot be assailed, even if the capital stock was not paid before the commencement of business. 1 Clark & Marshall, Corp., 231, 257, citing *Stokes* v. *Findlay,* 4 McCrary, 205; *Bibb* v. *Hall,* 101 Alabama, 79; *Canfield* v. *Gregory,* 66 Connecticut, 917; *Union Water Co.* v. *Kean,* 52 N. J. Eq. 111. See also *Bank* v. *Stone et al.,* 38 Michigan, 779; *Att'y Gen'l* v. *Simonton,* 78 N. Car. 57; *Hackensack Water Co.* v. *De Kay,* 36 N. J. Eq. 548; *Eaton* v. *Aspinwall,* 19 N. Y. 121; *Rice* v. *Rock Island &c. R. R. Co.,* 21 Illinois, 93; *Burns* v. *Beck,* 10 S. E. Rep. 121; *McCandless* v. *Inland Co.,* 42 S. E. Rep. 449; *First Nat. Bank* v. *Almy,* 117 Massachusetts, 476; *Fargason* v. *Oxford Mercantile Co.,* 78 Mississippi, 65; *Oregonian R. R. Co.* v. *Oregon Ry. &c. Co.,* 23 Fed. Rep. 232; *Armour* v. *Bement,* 123 Fed. Rep. 56.

A failure to pay for the capital stock of a corporation cannot be made the basis of defense by a debtor of said corporation, and the question can only be raised by the State. Cases *supra* and *Smith* v. *Meridian & Ala. R. R. Co.,* 6 S. & M. 179; *Frost* v. *Frostberg Coal Co.,* 24 How. 278; *Smith* v. *Sheely,* 12 Wall. 358; *Kayser* v. *Bremen,* 16 Missouri, 88.

The failure to issue capital stock is immaterial. *Close* v. *Glenwood Cemetery,* 107 U. S. 385.

Defendant having contracted with the plaintiff as a corporation, and being now in the enjoyment of the fruits of such contract, is estopped to deny its corporate existence. *Casey v. Galli,* 94 U. S. 673, 680; *Andes v. Ely,* 158 U. S. 312, 322; *Debenture Co.* v. *Louisiana,* 180 U. S. 320, 328.

It is sufficient to show a *de facto* corporate existence in order to sustain an action by or against an association as a corporation, on a note, bond or other contract. 1 Clark & Marshall on Corporations, 231. Citing cases in Georgia, Idaho, Illinois, Indiana, Kansas, Massachusetts, Missouri, Nebraska, New York, Vermont, West Virginia, and see also *Dallas Co.* v. *Huidekoper,* 154 U. S. 654.

Even where there is a condition precedent, the right to recover is maintained. *Sherwood* v. *Alvis,* 83 Alabama, 115; *Smith* v. *Sheely,* 12 Wall. 358.

Where the failure to comply with the restrictions imposed by the statute does not by its terms vitiate and declare void the corporate acts, it is simply an inhibition and no one but the State can object. *Whitney* v. *Wyman,* 101 U. S. 392. And this right the State may waive. 2 Cook on Corp. § 636.

It is not essential to the existence of a corporation that certificates of stock be issued. 1 Cook on Corp., 5th ed., § 13.

Courts act with extreme caution in proceedings which have for their object the forfeiture of corporate franchises. Freeman in note to *State* v. *Atchison &c. R. R.,* 8 Am. St. Rep. 181.

Courts must construe the charter favorably and liberally for the corporation. *Harris* v. *Miss. Valley &c. R. R. Co.,* 51 Mississippi, 602.

*Mr. Augustus H. Price,* with whom *Mr. Charles Price, Mr. Armistead Burwell* and *Mr. Edwin Causler* were on the brief, for respondent:

The plaintiff was not a *de jure* corporation, as it had not been organized under the Mississippi statute. No stock had

been paid for, even if John T. Wells' testimony is taken as true. The pretended payment was not even colorable.

If there was no payment for the subscriptions for stock, there was necessarily no proper organization of the corporation, under the laws of the State of Mississippi, and, therefore, the Circuit Court had no jurisdiction, even though the defendant was estopped to deny the general corporate existence of the plaintiff. Morawetz, Corp., 1st ed., § 267, and cases cited; Am. Corp. Leg. Manual, 1902, 301; 1 Beach on Corp., 18, 26; *Bigelow* v. *Gregory,* 73 Illinois, 197; *Kaiser* v. *Lawrence Sav. Bank,* 56 Iowa, 104; *Hicks* v. *Converse,* 37 La. Ann. 484.

It is not sufficient to give the court jurisdiction, that the plaintiff is a *de facto* corporation, or a corporation by reason, merely, of an estoppel. It must be a *de jure* corporation.

The Federal courts have only limited jurisdiction. Their authorities and powers are strictly statutory. They can acquire jurisdiction of a case only in the manner pointed out by the statute. *Farrington* v. *Pillsbury,* 114 U. S. 138.

The statute requires that the plaintiff shall be a citizen of a State other than that of defendant, but there must be diverse *citizenship.* A corporation can become a citizen within the meaning of this statute only by being duly chartered and organized under the law of the State of its origin.

The question of plaintiff's citizenship was properly raised by the denial in the answer. Code N. Car. §§ 130, 260, 276; *S. P. Co.* v. *Denton,* 146 U. S. 202.

If there was no payment of the subscriptions for stock, then the plaintiff had no capacity to make any contract, and those alleged in the complaint are void, and cannot be enforced in any court. *Tube Works* v. *Improvement Co.,* 39 L. R. A. 810; *Empire Mills* v. *A. G. Co.,* 12 L. R. A. 366. The individual incorporators must be treated as partners. *Jones* v. *Hardware Co.,* 29 L. R. A. 143; *Bergeron* v. *Hobbs,* 96 Wisconsin, 641; *Burns* v. *Beck,* 10 S. E. Rep. 121.

Defendant is not estopped by dealing with the corporation

to deny that it has power to contract or to sue. *Doyle* v. *Miznir*, 3 N. W. Rep. 968; *Welland* v. *Hathaway*, 25 Am. Dec. 51; *Davis* v. *Stevens*, 104 Fed. Rep. 235; *Wechselberg* v. *Bank*, 64 Fed. Rep. 90.

MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.

As the plaintiff was not entitled to maintain its action in the Circuit Court unless it was a corporation of Mississippi, *Great Southern Fire-Proof Hotel Co.* v. *Jones,* 177 U. S. 449, 454, 456, and the authorities there cited, the denial in the answer of knowledge or information sufficient to form a belief on that point put in issue the plaintiff's corporate character, within the meaning of the rule, no longer to be questioned, that for purposes of suing and of being sued in the courts of the United States the members of a corporation are to be deemed citizens of the State by whose laws it was created; and as the jurisdiction of the courts of the United States must always appear affirmatively, of record, it became necessary, under existing statutes and under the rules of practice and pleading in North Carolina, for the plaintiff to prove that it was a corporation of Mississippi. *Roberts* v. *Lewis*, 144 U. S. 653, 556; 17 Stat. 196, 197, c. 255, act of June 1, 1872; Rev. Stat. § 914; 18 Stat. 470, c. 137; act of March, 1875; Code of Civil Procedure, N. Car. §§ 133, 243, 260, 276; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202. It was so held, and correctly, by the Circuit Court of Appeals. 128 Fed. Rep. 369.

Was the plaintiff a corporation of Mississippi within the meaning of the above rule? In that State individuals may become incorporated for certain purposes under general laws. The first step there towards incorporation is to apply to the Governor for a charter, stating the purposes for which the corporation is to be created. That officer then takes the advice of the Attorney General as to the constitutionality and legality of the provisions of the proposed charter. If the Gov-

ernor approves the charter, and causes the Great Seal of the State to be affixed thereto by the Secretary of State, it would seem that the process of incorporation then becomes complete. Charters of incorporation in that State are required to be recorded in the office of the Secretary of State and in the office of the clerk of the Chancery Court of the county in which the corporation does business. Anno. Code of Miss. 1892, c. 25.

It appeared in evidence that W. L. Wells, John T. Wells and George Butterworth submitted to the Governor of Mississippi, to be referred to the Attorney General of the State, the following form of charter:

"§ 1. Be it known and remembered that W. L. Wells, John T. Wells and George Butterworth, their associates and assigns, are hereby created a body politic and corporate, under the name and style of W. L. Wells Company, and by that name shall have succession for fifty years, shall have power to sue and be sued, contract and be contracted with, may have a corporate seal, and break and alter the same at pleasure. § 2. The capital stock of said corporation shall be fifty thousand dollars, divided into shares of five hundred dollars each, and as soon as ten thousand dollars of said stock is subscribed and paid for, said corporation shall have power to commence business. § 3. Said corporation is formed for the purpose of conducting a general cotton business, and may buy and sell cotton, and may transact a cotton factorage business, may advance money or supplies for the purpose of controlling shipments of cotton, may take and receive mortgages or deeds of trust upon property to secure said advances, and generally may have all powers conferred by Chapter 25 of the Annotated Code of 1892 necessary and requisite to carry out the purpose of said corporation. § 4. The board of directors of said corporation shall consist of three persons, whose numbers may be increased at any time by a majority vote of the stockholders, and said directors shall have power to elect all necessary officers, and prescribe the duties, salaries and tenure of such officers."

The Attorney General having certified that the proposed charter of incorporation was not repugnant to the constitution or laws of the State, it was approved by the Governor, and such approval was attested by the Secretary of State, the Great Seal of the State being thereto affixed. The Secretary thereupon certified under the Great Seal that the charter "incorporating the W. L. Wells Company, was, pursuant to the provisions of Chapter 25 of the Annotated Code, 1892, recorded in the Book of Incorporations in this office." It was also recorded in the office of the clerk of the proper Chancery Court.

The contention of the defendants in the court below was—and their contention here is—that the subscription of $10,000 to the capital stock of the W. L. Wells Company and the payment thereof, was a condition precedent to the company's becoming a corporation; that is, it could not become a corporation *de jure* until such subscription and payment. And this view was sustained by the Circuit Court of Appeals, which said in its opinion: "It is very clear from this that, having a charter like this, conditioned upon the payment of $10,000 in subscriptions, then these men undertook to exercise powers in the charter without fulfilling or attempting to fulfill the conditions precedent in the charter; that, even when they had made money in the business, they ignored the corporation altogether, and drew the money out of the business as if it belonged to them, and not to the corporation. The charter never went into operation, and the corporation never became a legal entity. More than this, these assumed corporators went on in business, and contracted obligations in the name of the so-called corporation, which did not possess a dollar of property, or have any mode of meeting a debt, thus seeking to cloak their transactions under an assumed corporate name, and avoid in this way all personal responsibility. At the same time two of them were, in a business sense, irresponsible. It would seem that this transaction was an abuse of, and in fraud of, the law. And that the Wells Company had never, and

could not have, any legal existence. When a corporation is formed under an enabling act, all the mandatory provisions of the statute must be complied with." 128 Fed. Rep. 369, 372.

We are of opinion that the Circuit Court of Appeals erred in holding that the charter of the W. L. Wells Company made it a *condition* of its becoming a corporation that $10,000 of capital stock should be subscribed and paid for. The question was not as to the good faith of the incorporators, nor whether the company was organized in fraud of the law. Those were not matters to be inquired into in ordinary suits between the company and individuals or incorporations. If the organization of the company as a corporation was tainted with fraud, it was for the State, by some appropriate proceeding, to annul its charter. The question before the court below was whether the company was, technically, a corporation, and that depended upon the legal effect of the words of its charter. The first section of that charter expressly declares that the incorporators, their associates and assigns, "are *hereby created* a body politic and corporate, under the name and style of W. L. Wells Company, and by that name shall have succession for fifty years, shall have power to sue and be sued, contract and be contracted with, may have a corporate seal, and break and alter the same at pleasure." These words can have but one meaning. They manifest the purpose of the legislature to create a corporation. Substantially the same words in a charter granted by Congress were held to create a corporation. *Minor* v. *Mechanics' Bank of Alexandria*, 1 Pet. 46, 63. The second section of the company's charter did not modify the provisions of the first section. It did not *require* the payment of a given amount of stock subscriptions before the company should be considered *in esse* as a corporation. It did nothing more than confer the privilege or power of commencing business when a specified amount, less than the whole, of its authorized capital stock was subscribed and paid for. The company was created a corporation by the previous section,

with power in its corporate name to sue and be sued, contract
and be contracted with; and, under the general statutes of the
State, it came into existence as a corporation immediately
upon its charter being approved by the Governor of Mississ-
ippi and such approval certified by the Secretary of State
under the Great Seal of the State.   If the commencing of the
business for which it was incorporated before a certain amount
of capital stock was subscribed and paid for was in violation
of the company's charter, that was a matter for which it could
be called to account by the State, and did not affect the exist-
ence in law of the company as a corporation.   Of course, if
the charter of the company had made it a *condition precedent*
to its becoming a corporation that a certain amount of capital
stock should be subscribed and paid for, a compliance with
that condition would have been necessary before the company
would have become a corporation entitled to sue and be sued
in the courts of the United States.   But, as we have seen, the
charter in question prescribed no such condition.   If the legis-
lature had intended to withhold corporate existence until a
given amount of capital stock was subscribed and paid for,
that intention, we may assume, would have been manifested
by clear language.   We do not feel at liberty, by mere con-
struction, to qualify the explicit declaration in the first section
of plaintiff's charter as to the corporate existence thereby
created.   We therefore hold that under the statutes of Miss-
issippi the only conditions precedent to the existence of the
corporation were the approval by the Governor of the State of
its proposed charter and the certification of that approval
under the Great Seal of the State.

It is said that the interpretation we have given to the charter
of the W. L. Wells Company is not in harmony with the princi-
ples announced by the Supreme Court of Mississippi.   We are
referred in support of this view to *Perkins* v. *Sanders*, 56 Miss-
issippi, 733, 738, 739, which was a suit by a creditor to enforce
the personal liability of stockholders for the debts of a certain
company.   But there is nothing in that case clearly indicating

that the Supreme Court of Mississippi would, if this question were before it, hold the requirement of the subscription of $10,000 of stock and its payment before commencing business to have been a condition precedent to the plaintiff becoming a corporation. That court, in the case cited, referred to a section of the charter of the company there in question, providing that the persons named in it, and all others who then were or might thereafter become associated with them, and their successors and assigns, "be, and they are hereby, created a body politic and corporate, under the name," etc.,—a provision like that found in the plaintiff's charter. The court said: "This was no proposition to create a corporation upon the performance of certain conditions, but it was itself the creation of a corporation, requiring no other act to be performed by the corporators than their acceptance of the charter, and this even was unnecessary, if, as it is probable, the corporators had applied for the grant of the charter, and thus accepted it in advance. · . . . The distinction between the two classes of charters is thus seen to be that in the first class the charter is mere permission on the part of the legislature for the formation of a corporation upon the doing of certain acts prescribed in the charter as precedent conditions, and, as a necessary result, no corporate act can be done until those conditions have been performed, except such as may be expressly permitted by the charter; and, as to those acts, it would be considered that the corporation had an existence before its full investiture with its corporate franchises. In the latter class in which is this company the corporation is in existence for all the purposes of its creation from the beginning, except so far as there may be restraints placed on it by the charter, either expressly or by plain implication."

It thus appears that the Supreme Court of Mississippi, in the case referred to, decided that where acts are required to be performed before the corporation comes into existence, no corporation is created or can exist until those acts are performed. In this general view we entirely concur. But the

question remains whether the particular charter here in question made it a condition precedent to the existence of the W. L. Wells Company as a corporation, that a certain amount of its capital stock should be subscribed and paid for. As already indicated, we are of opinion that no such condition precedent was prescribed, and that under the statutes of Mississippi and independently of the subscription of a certain amount of stock and its payment, the plaintiff became, in law a corporation when the Governor approved its charter and the fact of such approval was certified by the Secretary of State under the Great Seal of Mississippi. It could not thereafter dispute its liability for acts done by it in its corporate name nor be denied the right to sue in that name.

As the Circuit Court of Appeals proceeded on different grounds as to the jurisdiction of the Circuit Court, its judgment must be reversed, and the case remanded, with directions to that court to set aside its own judgment, and for such further proceedings touching the merits of the case as may be consistent with this opinion and with law.

*Reversed.*