GASTONIA COTTON MFG. CO. v. W. L. WELLS CO. (Circuit Court of Appeals, Fourth Circuit. November 8, 1906.) No. 469. In Error to the Circuit Court of the United States for the Western District of North Carolina. O. F. Mason, A. Burwell, and Edwin T. Cansler, for plaintiff in error. Murray F. Smith, J. Hirsh, and C. W. Tillett, for defendant in error. Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

GOFF, Circuit Judge. This case was remanded to this court by the Supreme Court of the United States, with directions to set aside the judgment theretofore rendered in this cause, and to proceed further touching the merits as may be consistent with law and with the opinion of said court. 198 U. S. 177, 25 Sup. Ct. 640, 49 L. Ed. 1003. For the proceedings heretofore had in this court concerning this case, see 128 Fed. 369, 63 C. C. A. 111. For the opinion of the court below, see 118 Fed. 190, in which the case is most fully and clearly stated. We consider it unnecessary to again set forth the facts involved in this litigation. The only question remaining for this court to dispose of is the action of the court below in directing a verdict for the appellee. The plaintiff in error contends that said court erred in withdrawing the consideration of the case from the jury and directing a verdict for the plaintiff below. The insistence is that the evidence more than reasonably tended to establish the plea of payment, and that the jury should have been permitted to pass upon it. The plaintiff in error claims that before the suit was instituted it paid $50,000 of its indebtedness to defendant in error, by and through one John F. Love, the secretary and treasurer of the two companies—the Gastonia Cotton Manufacturing Company and the Avon Mills. Such payment is said to have been made to a corporation known as the "Loray Mills," for stock in that mill subscribed for by the W. L. Wells Company, acting by and through W. L. Wells. The transaction referred to is fully described by Judge Boyd in his opinion. Plaintiff in error claims the evidence shows that, acting through Love, it, under the direction of said W. L. Wells, paid at one time $10,000 of its indebtedness to defendant in error, by applying that sum on the purchase of the stock so subscribed, and that at another time it applied the sum of $40,000 for like purposes. So far as the last-mentioned sum is concerned, there is no evidence that it was so applied with the knowledge of, or by the authority of, the W. L. Wells Company. In fact the testimony relating to that transaction tends to prove that what took place between Love and W. L. Wells was carefully concealed from the W. L. Wells Company, and there is no evidence from which the ratification of that company concerning said matter can be inferred. The view of the court below regarding it has our approval. The claim for credit so far as the item of $10,000 is concerned is quite different; for the testimony tends to show that Love gave the W. L. Wells Company notice in August, 1900, that $10,000 due it for cotton sold during the season of 1899–1900 had been applied to the payment of Loray stock; that John T. Wells admitted that such notice was received and filed among the papers of the company, and that from the date of such receipt until in August, 1901, no demand was made by him, or by any one else, for the W. L. Wells Company, upon the defendants below for said amount; that thereafter, in December, 1900, a settlement was made by defendant below for all cotton shipped it to that date, invoices of which were marked paid by the W. L. Wells Company; that from December 18, 1900, to January 31, 1901, the W. L. Wells Company made several demands upon defendant below for payments on account of cotton shipped in the months of November and December, 1900, without reference to former shipments. Therefore, so far as the item of $10,000, is concerned, there was testimony strongly tending to support the contention of the defendants below, and it should, we think, have been submitted to the jury. This error will necessitate the reversal of the judgment

rendered, and the granting of a new trial, unless the defendant in error will enter in the court below a remittitur covering the said claim for credit of $10,000.

It appears by the record that the court below, with the consent of parties, consolidated this case with the case of the same plaintiff against the Avon Mills, for the purpose of more conveniently trying the issue before the jury; it being provided in the court's order that a separate verdict and judgment should be entered in each case. It is further disclosed that, after the trial had been concluded, it was stipulated by the parties that this writ of error should be prosecuted, with the understanding that the judgment in the Avon Mills Case should abide the decision of the appellate court concerning the questions raised by the record now before us. We conclude that this case shall be remanded to the court below, with direction to set aside the judgment complained of, also the verdict, and award a new trial, unless the defendant in error files, within 20 days after the mandate of this court shall have reached the court below, a remittitur as to said sum of $10,000, apportioned as follows: $5,901.38, to be credited as of June 9, 1902, on the judgment rendered in this case, and $4,098.62, as of said date, on the judgment against the Avon Mills. In case said remittitur is filed, then the judgment rendered below will stand affirmed. If it is not so filed, then the court below will enter an order setting aside said judgment and awarding a venire facias de novo. Modified and affirmed.