### FOURTH NAT. BANK OF MONTGOMERY v. PORTSMOUTH COTTON OIL REFINING CORPORATION.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1922.)

No. 3915.

**1. Pleading ⊚⟳377—Jurisdictional allegation not denied need not be proved.**

An allegation of· plaintiff's citizenship made in the complaint for jurisdictional purposes, if not denied, need not be proved.

**2. Corporations ⊚⟳378—Corporation responsible for acts of another which it controls.**

If one corporation is wholly under control of another, the fact that it is a separate entity does not relieve the latter from liability for its acts.

**3. Trial ⊚⟳177—Direction of verdict on request of both parties.**

Direction of a verdict is not error, where it is asked by both parties.

In Error to the District Court of the United States for the Northern Division of the Middle District of Alabama; Henry D. Clayton, Judge.

Action at law by the Portsmouth Cotton Oil Refining Corporation against the Fourth National Bank of Montgomery. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 280 Fed. 879.

Lee H. Weil, Davis F. Stakely, and J. W. Vardaman, all of Montgomery, Ala., for plaintiff in error.

Robert E. Steiner, Jr., and B. P. Crum, both of Montgomery, Ala. (Steiner, Crum & Weil, of Montgomery, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error, sued out by defendant, Fourth National Bank of Montgomery, to a judgment recovered by the plaintiff, Portsmouth Cotton Oil Refining Corporation. At the close of the evidence the plaintiff moved for a directed verdict, and the court indicated an intention to charge the jury to find for the plaintiff. Thereupon the defendant also moved the court to direct a verdict in its favor. With both motions before it, the court proceeded to direct a verdict for the plaintiff. The case is fully stated in the

---

⊚⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

opinion by the District Judge, reported in 280 Fed. 879. Under the decisions of the Supreme Court therein cited, as well as upon principle, the defendant is clearly liable.

[1] Suit was brought in the court below on the ground of diversity of citizenship; the complaint alleging that the plaintiff was a citizen of Virginia. The point is made on this writ of error, and for the first time, that the plaintiff failed to prove this allegation, and consequently it is urged that the court below was without jurisdiction. Reliance is had upon W. L. Wells Co. v. Gastonia Cotton Co., 198 U. S. 177, 25 Sup. Ct. 640, 49 L. Ed. 1003. In that case the corporate existence of plaintiff was denied and contested, and therefore became a distinct issue. In this case, so far as the record shows, the citizenship of the plaintiff was not denied, and for that reason stands admitted. Code of Alabama 1907, § 5331; Chase v. Wetzlar, 225 U. S. 79, 32 Sup. Ct. 659, 56 L. Ed. 990; Big Sespe Oil Co. v. Cochran (C. C. A.) 276 Fed. 216.

[2] An assignment of error is based upon the refusal of the court to permit evidence to the effect that the directors of the defendant bank declined to accept a deed of trust executed by the Montgomery Oil & Feed Company, unless provision was therein made for a sinking fund. The purpose of the rejected evidence, as it is stated, was to show the separate entity of that company. We do not think the assignment shows error. The important question is whether the defendant bank managed, operated, and controlled the Montgomery Oil & Feed Company, and the fact that the latter had a valid corporate existence was wholly immaterial. Rankin v. Emigh, 218 U. S. 27, 30 Sup. Ct. 672, 54 L. Ed. 915; Chicago, Milwaukee & St. Paul R. Co. v. Minneapolis Civic & Commerce Association, 247 U. S. 490, 38 Sup. Ct. 553, 62 L. Ed. 1229.

[3] It is finally insisted that the court should have submitted the case to the jury, and that it was error to direct a verdict for the plaintiff. But the action of the court was proper, inasmuch as both parties asked for a directed verdict. Williams v. Vreeland, 250 U. S. 295, 39 Sup. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038; Holbrook v. Shepard (C. C. A.) 279 Fed. 193. The fact that the defendant did not make its motion until after the court had indicated an intention to instruct a verdict for the plaintiff emphasized the plaintiff's contention that only a question of law was involved, and that there was no question of fact in dispute sufficient to authorize a submission of the case to the jury.

The judgment is affirmed.