## QUINN *et al. v.* WOODS.

[99 So. 510.  No. 23482.]

(En Banc.  April 7, 1924.)

1. CORPORATIONS. *Law that corporation may begin business when twenty per cent. of authorized capital paid condition subsequent and not precedent.*

   Chapter 244, Laws of 1920 (section 4150b, Hemingway's Supplement 1921), which provides that a corporation is authorized to begin business when twenty-five per centum of the authorized capital stock shall have been paid into the treasury of the corporation, is a condition subsequent and not a condition precedent.

2. PARTNERSHIP. *Officers and stockholders not liable as partners because of failure to comply with law completing organization.*

   When the charter of a corporation has been duly approved by the Governor and its organization duly reported to the secretary of state, it is organized, and thereby becomes a corporation, and the incorporators, directors, or stockholders are not liable as partners because of the failure to comply with the above law.

APPEAL from chancery court of Lauderdale county. HON. G. C. TANN, Chancellor.

Suit by F. L. Woods against H. M. Quinn and others. From a decree for plaintiff, defendants appeal. Reversed and remanded.

*Wyatt Easterling* and *Victor W. Gilbert,* for appellants.

The suit grows out of an alleged defective organization of the Home Securities Company and the bill of complaint sought to hold the directors of the supposed corporation liable as partners or otherwise. The Home Securities Company began business before twenty-five per cent of its authorized capital stock had been paid into the treasury, as per Hemingway's Code, section 4150 (b). Did the transaction of business before the payment of this twenty-five per cent render the participants liable

as partners, or, in other words was it not even a corporation *de facto?* This presents the first question in the case.

The court below was wrong in holding payment into the treasury of twenty-five per cent of the authorized capital stock to be a condition precedent to the right to begin business. 4 Thompson on Corporations (2 Ed.), sec. 3933; *Wells Co.* v. *Gastonia Co.,* 198 U. S. 177. The statute authorizes a corporation to commence business when the twenty-five per cent is paid in; it does not require it to be done as a condition precedent. To pause on the difference between "authorize" and "require" would be a dissertation on the obvious. 14 C. J. 156, sec. 156.

The granting of the charter and the report of the organization brought the corporation into existence, it thereby became a corporation *de jure,* and the fact that it began business before the twenty-five per cent had been paid in, might render it liable to be proceeded against by the state in *quo warranto* or otherwise, yet no individual could complain. *Oxford Mercantile Company Case,* 78 Miss. 65.

Section 4070, Hemingway's Code, says: "And the powers specified in such charters shall, by the approval of the charter, be vested in such corporation, and it shall go into operation at the time and on the terms and conditions specified." The precedent steps having been had, the approval of the charter creates a corporation. 198 U. S. 177. See *Southern Coal Co.* v. *Yazoo Ice & Coal Co.,* 118 Miss. 860, 80 So. 334.

The Home Securities Company was not only a corporation *de facto,* but was *de jure,* and its existence could in no event be challenged except by the state. This is true whether *de facto* or *de jure.* 14 C. J. 156, sec. 156. It being clearly established that the Home Securities Company was a corporation either *de facto* or *de jure,* any forfeiture of its franchise or right to do business may not be set up or asserted except upon direct pro-

ceeding by the state. *Coulter* v. *Robertson,* 24 Miss. 326; *Bohanna* v. *Binns,* 31 Miss. 355; *Dorr* v. *Levee Com.,* 28 So. (Miss.) 938; 14 C. J. 223, sec. 231.

The authorities are unanimous that in the absence of a statute expressly making the stockholders liable (as in the instance of the failure to report the organization within twenty days), the stockholders do not become liable because of any defects in the organization of the company. 4 Thomp. Cor. (2 Ed.), 1180, sec. 4737; *Sniders* v. *Troy,* 91 Ala. 224, 24 Am. St. Rep. 887. It was held in the case of *Diamond Rubber Co.* v. *Fohey,* 111 Miss. 754, that a failure to record the charter in the office of the chancery clerk, as required by section 189 of the Constitution, did not render the stockholders liable as partners, nor the payment of less than the full amount of the capital stock subscribed.

We further submit that when the appellee took the promissory note signed by the president and secretary of the Home Securities Company, and saw that it was so signed, and then after thus dealing with the corporation sues on that note itself as the basis of his suit, he is estopped to question the legal existence of the company, especially where the statute he relies upon makes no such liability. 14 C. J. 987, sec. 1527, and especially the masterly opinion in *Sniders* v. *Troy,* 24 Am. St. Rep. 887, *supra; Johnson* v. *Gumbel,* 19 So. (Miss.) 100.

*J. E. Parker,* for appellee.

It is the contention of the appellee that there was organized no legal corporation which protects its members from personal liability; that this appellee was employed by an admitted partnership, and that he was not informed of any change in the relation of the parties by whom he was employed, and that as to him they continued to be liable; and that if it is a corporation, it is a trading corporation, and that the directors thereof are personally liable for this debt under the law. There seems to be some uncertainty as to the exact relation es-

tablished by law between the subscribing for stock in
a corporation, and the life of that corporation. We have
with reasonable accuracy defined and fixed the rights of
all parties after the stock has been subscribed for. Sec-
tions 909, 921, 923, and 924 of the Code of 1906.

  · But there exists some difference in the authorities as
to whether or not the subscribing of the capital stock is
an essential condition precedent to the organization of a
corporation. The common-law rule on this question is
stated in 7 R. C. L. 58. This has been followed by *Schloss*
v. *Montgomery Trade Co.,* 13 Am. St. Rep. 51; *Denny
Hotel Company* v. *Scram,* 36 Am. St. Rep. 130; *S. M.
& N. R. R. Co.* v. *Anderson,* 51 Miss. 829; *Diamond Rub-
ber Co. et al.* v. *Fohey,* 71 So. 906. This last case was
decided in 1916, and established the law of Mississippi
as the statutes then stood. It must be assumed that if
a corporation might begin business with less than the
full amount of its capital stock being subscribed, it
might begin business without any of it being subscribed.
And this was the law until changed by the Acts of 1920,
when the legislature passed the law authorizing the be-
ginning of business when twenty-five per cent of the
capital stock had been paid in.

  In order to properly construe the meaning of a stat-
ute, one of the rules to be used as a guide is to survey
the field of the present law, and find the fault intended
to be corrected. In this regard this law would be and
is entirely useless unless it changes the law then in op-
eration. It must, therefore, be said that prior to this
act, no amount of the capital stock was required to be
subscribed, but a change was made by this law so that
twenty-five per cent of the capital stock must now be
paid in. In the case at bar we have the state, by general
statute, stating the method of obtaining a charter, which
requires that you file an application made out on an ap-
plication blank furnished by the secretary of state, which,
after publication, must be passed to the attorney-gen-
eral and the Governor for approval, after which, ''the

powers specified in such charters shall, by the approval of the Governor, be vested in such corporation, and it shall go into operation at the time and on the terms and conditions specified.''

We know that a corporation which begins business before twenty-five per cent of its capital stock has been paid in has violated the law. It remains to be seen what the consequences are for such violation. Can it be that the only penalty possible for this violation of law is a complaint on the part of the state, seeking to annul the charter? How completely wasted would these efforts be, and how entirely useless would be such a law. In the case of *Globe Realty Company* v. *Whitney*, 30 So. 745, the court, in discussing the attitude of a corporation required to have a capital stock of not less than five thousand dollars, uses this language: ''There can be no existing corporation until such capital stock shall have been obtained.'' See also 14 C. J. 155.

But these parties are shown by the proof to be personally liable under section 924 of the Code of 1906, if they were in fact a corporation. The charter itself shows this to be a trading company.

SYKES, J., delivered the opinion of the court.

In this case the appellee in his bill seeks to recover a decree against the appellants as partners, or, if mistaken as to their liability as partners, then to recover a decree against the Home Securities Company, a corporation. The material allegations of the bill are as follows, namely: That the Home Securities Company, which is either a partnership or a corporation, was engaged in the business of buying and selling lands, negotiable instruments, and in constructing houses, and was a trading corporation. That this company became indebted to the plaintiff in accordance with promissory notes attached to the bill. That these notes are past due and unpaid. That certain of these defendants made ap-

plication for a charter of incorporation, which charter was never recorded in the chancery clerk's office of Lauderdale county, nor was the report of its organization and election of officers made to the secretary of state. The names of the parties composing this company are then stated in the bill, and the charge is made that, even if the company has perfected its incorporation, the directors are liable to the creditors, because the company incurred more indebtedness than the capital stock paid in. Discovery is asked about the incorporation, amount of capital stock, amount of indebtedness, who the stockholders and directors are, or who the partners are composing the partnership, if not a corporation.

The testimony showed that a charter was granted and proper report of the organization was made to the secretary of state, but that the charter was never filed for record in Lauderdale county.

The court held that no corporation was organized because twenty-five per centum of the capital stock was not paid in before it began business and entered a personal decree against certain of the defendants for the proper amount due appellee.

Chapter 244, Laws of 1920 (section 4150b, Hemingway's Supplement), reads as follows:

"Any corporation hereafter chartered in this state, be, and the same is hereby authorized to begin business when so much as twenty-five (25%) per centum of the authorized capital stock shall have been paid into the treasury of the corporation, except when and as otherwise provided by law. That the provisions of this act shall not apply to building and loan associations."

The narrow question here presented for decision is whether or not the directors or stockholders of a corporation may be held liable as partners for the debts of the corporation, when it (the corporation) began business before twenty-five per centum of the authorized capital stock had been paid into the treasury. In other words, is this provision a condition precedent or a con-

dition subsequent. If a condition precedent, then the chancellor was correct. If a condition subsequent, then only the state by proper proceeding can take steps to have the charter forfeited.

It will be noted that this statute authorizes a corporation to begin business when twenty-five per centum of the authorized capital stock shall have been paid into the treasury of the corporation. It does not require it to be done as a condition precedent.

In volume 4 (2d Ed.) Thompson on Corporations, sections 3933, the rule relating to this subject is stated as follows:

"Laws are in force in many of the states which require the payment of a specified amount of the capital stock prior to incorporation. But such a payment is not a condition precedent to the entry upon a corporate career unless it is expressly made so by statute."

In the case of *Perkins* v. *Sanders,* 56 Miss. 733, this court expressly held that upon the acceptance of a charter with the provision that they "and all others who are now, or may hereafter become, associated with them, and their successors, and assigns, be, and they are hereby, created a body politic and corporate," the corporation "is in existence, for all the purposes of its creation, from the beginning, except so far as there may be restraints placed on it by the charter, either expressly or by plain implication."

The Home Securities Company was granted a charter and reported its organization to the secretary of state as required by law. This completed the organization of the corporation.

This exact question is settled in the opinion of the supreme court of the United States in case of *Wells Co.* v. *Gastonia Cotton Mfg Co.,* 198 U. S. 177, 25 Sup. Ct. 640, 49 L. Ed. 1003. There was no statute in Mississippi at the time of the incorporation of the Gastonia Company. The charter therein expressly provided:

"The capital stock of said corporation shall be fifty thousand dollars divided into shares of five hundred dollars each and as soon as ten thousand dollars is subscribed and paid for said corporation shall have power to commence business."

It will be noted that this provision of the charter in that case is practically the same as the statute here in question. The circuit court of appeals held that this provision was a condition precedent to the existence of a corporation. The supreme court in reversing the circuit court of appeals in part said:

"As already indicated, we are of opinion that no such condition precedent was prescribed, and that under the statutes of Mississippi and independently of the subscription of a certain amount of stock and its payment, the plaintiff became, in law, a corporation when the governor approved its charter and the fact of such approval was certified by the secretary of state under the great seal of Mississippi. It could not thereafter dispute its liability for acts done by it in its corporate name, nor be denied the right to sue in that name."

We are of the opinion that the court erred in holding that the corporation was not in existence.

It is contended by the appellee that the decree of the lower court should be affirmed also because of the provisions of section 924, Code of 1906 (section 4098, Hemingway's Code), which reads as follows:

"The amount of debts which any trading corporation or company may contract or owe shall not exceed the amount of its capital stock paid in; and, in case the debts exceed that amount, any directors who contracted such debts shall be individually liable for the excess over the amount of capital stock, and may be sued therefor by any creditor, whether the debt be due at the time of suit brought or not, if such creditor was without notice or knowledge of the excess at the time his debt was made."

It is true that some allegations in the bill vaguely point to a recovery under this section. Neither from the proof nor the pleadings can we tell whether or not there is any individual liable under this section.

The decree is reversed, and the cause remanded, with leave to both sides to amend their pleadings if they so desire.

*Reversed and remanded.*

Ethridge, J. (dissenting).

In my opinion the judgment of the court below should be affirmed for two reasons:

1. Because chapter 244, Laws of 1920 (section 4150b, Hemingway's Supplement of 1921), set out in the majority opinion, should be construed as a condition precedent to the corporation's beginning business as such; and

2. Because the record shows that the stock of the corporation had not been subscribed either in full or to the amount of twenty-five per cent. thereof, and that the subscription of the stock in the prior decisions of this court is a condition precedent to making a binding contract between the incorporators.

I think chapter 244, Laws of 1920, *supra,* is a mandatory provision requiring the actual payment of the twenty-five per cent of the authorized capital stock; that when the legislature authorizes the corporation to begin business upon certain conditions, it necessarily excludes its right to begin business under any other conditions. The legislative purpose in enacting this chapter evidently was to have a given amount of actual capital before a corporation should begin business. To hold that a number of people may apply for a charter and report an organization to the secretary of state and begin business without one single subscription and without a single dollar of money is certainly an anomalous proposition. Persons dealing with a corporation have a right to assume that a statute has been complied with and that it has at

least twenty-five per cent. of its capital stock not only subscribed but also paid in.

If it was not necessary to have the capital stock subscribed and paid in under the prior law, it would certainly be necessary to have it subscribed and twenty-five per cent. paid in under the present law.

In 14 Corpus Juris, p. 153, section 154, it is provided:

"If a statute requires corporations formed thereunder to have a capital stock and shares, a valid corporation cannot be formed thereunder as a mere membership corporation without any capital stock; but there are statutes in all jurisdictions authorizing such corporations for specified purposes, and they have also been frequently created by special act. A corporation, even though it is a stock corporation, may not only have corporate existence, but may exercise its corporate powers, without issuing certificates of stock, and even without creating a capital stock, if this is not required by statute as a condition precedent to its creation or organization or to its right to transact its business, but ordinarily the statutes require as a necessary step in the creation or organization of a stock corporation that proper provision shall be made for its capital stock and shares, in which case the statute must be complied with; and frequently the statutes contain express provisions with respect to the subscription or payment of capital or capital stock, or of both, and require provisions with respect thereto to be inserted in the articles of association, certificate of incorporation, or charter. It is not necessary, however, that a statute creating or authorizing a corporation shall designate or limit the amount of capital stock, or prescribe the number or value of the shares, or contain other provisions in this respect. In the absence of such provisions the matter is left to the discretion of the corporation."

In *Perkins* v. *Sanders,* 56 Miss. 733, the court, speaking through Chief Justice George, at page 738, said:

"In charters which are mere propositions for the organization of a corporation and which require certain

acts to be performed precedent to the existence of the corporation, no corporation can exist, and of course no corporate act can be performed, till these conditions have been complied with. In all such cases, where a certain amount is named in the charter as necessary to be subscribed as the capital stock of the company, such subscription is regarded as a condition precedent to the existence of the corporation, unless otherwise provided in the charter. Persons, therefore, who subscribe for stock under such a charter have a right to assume that they will not be called upon to pay until the amount named in the charter shall be subscribed; and, accordingly, in that class of charters it has been held that subscribers for stock are not liable to assessments on their stock until the full amount of the subscription has been made,"—citing *Selma M. & M. R. Co.* v. *Anderson,* 51 Miss. 829, in which case this court said, at page 834:

"It seems well settled that where the charter of a corporation provides for or authorizes a stipulated amount of capital stock, divided into shares of a specific number, or value, no assessment can be made against the subscribers until the whole amount has been subscribed, unless a contrary intention is manifested in the charter or in the subscription. The reason given is that the subscriber for each share knows that the total expense of the enterprise may require the whole or a part of the stock subscribed; that, therefore, his share will bear its proportionate part of this expense, and he has, consequently, a right to demand that nothing be exacted from him until he has the number of coshareholders contemplated in the charter."

It seems to me that it is an unreasonable construction to say that a corporation can begin business when it has no subscribers who are bound to the enterprise. If the corporation is sued in this case, or in any case where the stipulated capital stock has not been subscribed and none of the subscribers are liable for the debts of the corporation, and it has no funds paid in, it would be in effect the

state creating a shell to which a name was given but with no substance and for the purpose of defrauding the public who might deal with it.

In my opinion the statute indicates a requirement by the state and not a mere agreement among the shareholders.

If the case of *Wells Company* v. *Gastonia Cotton Manufacturing Co.,* 198 U. S. 177, 25 Sup. Ct. 640, 49 L. Ed. 1003, were construed to mean what it is held to mean by the majority opinion in the case before us, it is in conflict with the two decisions above cited in 51 and 56 Mississippi Reports, and of course this is a question upon which the state decisions are binding.

Statutes of the kind under consideration here ought to be given a construction, where it can reasonably be done, that will protect the public against fraud and compel corporations to comply with the law.