**MERCHANTS FOOD DISTRIBUTORS, Inc. et al. v. CLINTON FOODS, Inc. et al.**

United States District Court
S. D. New York.

Sept. 19, 1950.

Jerome Y. Sturm, New York City (Abraham Fishbein, New York City, of counsel), for plaintiffs.

Dunnington, Bartholow & Miller, New York City (Frank A. F. Severance, New York City, of counsel), for defendant Clinton Foods, Inc.

MEDINA, District Judge.

This is a motion to remand. Plaintiffs sue for breach of an alleged agreement dated March 27, 1950, made by defendant Snow Crop Marketers, Inc., on its own stationery and purporting to be signed by Robert J. Moone described as "District Sales Manager Eastern District." Shortly after the commencement of the action in the New York Supreme Court, Bronx County, a notice of appearance was filed by attorneys for both defendants. As plaintiffs are citizens of the State of New York and defendant Snow Crop Marketers, Inc. was duly incorporated in that state, jurisdiction of this Court based on diversity of citizenship would necessarily fall but for the circumstance, relied upon in opposition to this motion, that on November 18, 1949 defendant Snow Crop Marketers, Inc. was merged into defendant Clinton Foods, Inc. Because of this merger it is claimed that no such corporation as Snow Crop Marketers, Inc., was in existence at the time of the commencement of the action and that the requisite diversity exists as defendant Clinton Foods, Inc. is a Delaware corporation. No explanation is forthcoming of how it was that the agreement was made by defendant Snow Crop Marketers, Inc., a corporation supposedly no longer in existence.

It is manifest that, on the trial of the merits, testimony must be adduced concerning the individuals who negotiated, prepared and executed the agreement as well as concerning the interrelation between the two companies named as defendants and all the attendant circumstances. And it is difficult to see how any determination of the status of Snow Crop Marketers, Inc. made on the meager evidence now before me, could fail to have a prejudicial effect upon a trial of the merits and possibly result in a miscarriage of justice.

It seems to me that the facts are such as to bring the case squarely within the line of cases which hold that in doubtful cases removal to the federal courts should be denied. Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 1930, 38 F.2d 209, 212; Reeves v. American Brake Shoe Co., D.C.E.D.Mo.1947, 74 F.Supp. 897, 899; Siler v. Morgan Motor Co., D.C.E.D.Ky.1936, 15 F.Supp. 468, 472.

Perhaps Snow Crop Marketers, Inc. will ultimately be found to have been a de facto corporation at the time the agreement was entered into and at the time of the commencement of the action. Cf. Miller's Adm'x v. Newburg Orrel Coal Co., 1888, 31 W.Va. 836, 8 S.E. 600, 13 Am.St.Rep. 903. If so, there can be no jurisdiction of this Court based upon diversity, as a de facto corporation is not a citizen of a state, at least in the absence of some showing of the citizenship of the persons maintaining and operating such de facto corporation. Gastonia Cotton Mfg. Co. v. W. L. Wells Co., 4 Cir., 1904, 128 F. 369, reversed on other grounds 1905, 198 U.S. 177, 25 S.Ct. 640, 49 L.Ed. 1003. The doctrine recognizing de facto corporations is one of substantive law, fashioned in equity, and is based to a great extent on principles of estoppel.

Again, depending upon a variety of facts not now before me, the trial court may decide that Snow Crop Marketers, Inc. was and is a de jure corporation. In such event also the jurisdiction of this Court must fall.

It is not uncommon for courts to look to subsequent conduct when corporate mergers or consolidations are involved, to determine precisely what was intended to be accomplished, and what was actually accomplished. See, e. g. Lee v. Atlantic Coast Line Railroad Co., 4 Cir., 1906, 150 F. 775. Such an inquiry here might lead to the conclusion that a common management of separate corporations was intended and accomplished, cf. 8 Thompson on Corporations § 6010 (1927), or that there was no genuine intention to terminate the existence of Snow Crop Marketers, Inc. and that, therefore, the purported "merger" did not destroy the corporate existence of that defendant.

These questions, dealing as they do with the proper construction to be given to state statutes, are peculiarly within the competence of the state courts, and since those courts do not appear to have spoken on them as yet, additional reason, supported by authority in analogous cases [cf. Rail-

road Comm. of Texas v. Pullman Co., 1941, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628; 84 L.Ed. 876], exists for remanding the action without attempting on a motion to the jurisdiction to resolve issues which should be left to a trial on the merits.

It is clear in any event that any liability which may have arisen out of the agreement sued upon was not assumed by defendant Clinton Foods, Inc. at the time of the merger, as the merger antedated the agreement.

In this situation it would be a grave injustice to the plaintiffs to require them to litigate their case in a court which, after the litigation is completed, may not be able to hold for the plaintiffs without, at the same time, finding that, as a result of the decision on the merits, the court lacks jurisdiction and must dismiss the action.

In view of the foregoing, it is unnecessary to pass on the other questions presented. Motion granted.

Settle order on notice.