JONES, Justice.
James E. Hardin desired to purchase certain lands in the City of Jackson for development purposes. On June 24, 1965, a contract for such purpose was executed by the said Hardin, as purchaser, and W. M. Watkins and P. H. Payment, as sellers, for the sale of lands for $25,000, to be secured by a mortgage due on or before three years with six percent interest.
The contract contained this provision: “Seller to take corporate note and deed of trust. * * *”
*890 On June 28, 1965, the Secretary of State issued his certificate of incorporation, attaching thereto a duplicate original of the articles of incorporation of “Livingston Road Corporation.” These articles were broad in powers given the corporation to engage in the development of real estate. James E. Hardin and S. J. Mathis were the incorporators. The corporation was not to commence business until $1,000 value had been received for stock.
On July 1, 1965, Payment and Watkins executed and delivered a warranty deed conveying to the corporation the lands in accordance with the contract of sale. On the same date (July 1), Livingston Road Corporation, by James E. Hardin, President, and B. L. Fisk, Secretary, executed and delivered to Payment and Watkins its note for $25,000 payable on or before three years from date with interest at six percent per annum. The corporation on July 1 executed and delivered to the sellers a deed of trust signed by the same officers and securing payment of said note.
A pre-organization subscription agreement for $1,000 in stock was signed by James E. Hardin on July 1, 1965.
The first meeting of the incorporators was called and held on July 1, 1965, when the bylaws were adopted, officers elected, subscription list for stock presented, and all matters relevant to such an organization meeting were had and done, except the $1,000 subscribed for stock was not at that time paid.
Before it was paid, James E. Hardin died. Later his mother, Mrs. J. W. Hardin, paid $1,000 into the corporation, and there was issued to her a stock certificate for 100 shares, par value $10. The corporation was reorganized with new officers after the death of James E. Hardin.
On May 15, 1967, Payment and Watkins presented their note for $25,000 with attorneys’ fees and interest for probate against the Estate of James E. Hardin, deceased, alleging that the corporation was never properly organized and no money paid into the corporation for stock when the deed, deed of trust, and note were executed.
The claim was contested.
The Chancery Court of the First Judicial District of Hinds County denied the claim and probate thereof. We affirm.
Appellants contended that the corporation was never legally organized — that in fact it never came into existence and was a nullity, being neither a de facto nor a de jure corporation; that, therefore, the acts of James E. Hardin were his individual acts making his estate liable therefor. No bad faith was charged or shown.
Even under the statutes as they existed prior to the adoption of the Mississippi Business Corporation Act, General Laws of Mississippi, Chapter 235 (1962), our Court had passed upon this matter in Allen v. Thompson, 248 Miss. 544, 158 So.2d 503 (1963), and Quinn v. Woods, 134 Miss. 621, 99 So. 510 (1924).
In Allen, the statute as of 1959 provided no corporation should transact any business or incur any indebtedness other than those mentioned, until there had been paid in for shares at least $500, Mississippi Code 1942 Annotated section 5311.5 (1956) ; and such amount of stock had not been paid in when the transactions there involved were had but everybody acted in good faith.
It was held the corporation was a de facto corporation and the bill seeking relief on the ground the corporation was a nullity, dismissed. It was also held by approval of 18 C.J.S. Corporations § 94 (1939) that as a general rule supported by an almost unanimous consensus of opinion, the legality of the existence of a de facto corporation can only be questioned by the State in a direct proceeding and cannot be collaterally attacked by individuals.
In Quinn, the complainant (appellee) sought a decree against appellants as part *891 ners because of the defective organization of a corporation which failed to have received payment for twenty-five percent of the authorized capital stock as provided by Laws of Mississippi, Chapter 244 (1920).
The Court said:
The narrow question here presented for decision is whether or not the directors or stockholders of a corporation may be held liable as partners for the debts of the corporation, when it (the corporation) began business before 25 per cen-tum of the authorized capital stock had been paid into the treasury. In other words, is this provision a condition precedent or a condition subsequent. If a condition precedent, then the chancellor was correct. If a condition subsequent, then only the state by proper proceeding can take steps to have the charter forfeited.
It will be noted that this statute authorizes a corporation to begin business when 25 per centum of the authorized capital stock shall have been paid into the treasury of the corporation. It does not require it to be done as a condition precedent. 134 Miss, at 626-627, 99 So. at 511.
The corporation was held a de facto corporation, and stockholders and officers were not liable.
This position is even stronger since the 1962 Amendments of our statutes.
Mississippi Code 1942 Annotated section 5309-124 (Supp.1966), General Laws of Mississippi, Chapter 235, Section 55 (1962), now reads:
Upon the issuance of the certificate of incorporation, the corporate existence shall begin, and such certificate of incorporation shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with and that the corporation has been incorporated under this Act, except as against this state in a proceeding to cancel or revoke the certificate of incorporation or for involuntary dissolution of the corporation.
Mississippi Code 1942 Annotated section 5309-125 (Supp.1966), General Laws of Mississippi, Chapter 235, Section 56 (1962), reads:
A corporation shall not transact any business or incur any indebtedness, except such as shall be incidental to its organization or to obtaining subscriptions to or payment for its shares, until there has been paid in for the issuance of shares consideration of the value of at least One Thousand Dollars ($1,000.00). [Supersedes § 5311.5, Code of 1942.]
Mississippi Code 1942 Annotated section 5309-92(e) (Supp.1966) being General Laws of Mississippi, Chapter 235, Section 46(e) (1962), provides:
If a corporation shall commence business before it has received at least One Thousand Dollars ($1,000.00) as consideration for the issuance of shares, the directors who assent thereto shall be jointly and severally liable to the corporation for such part of One Thousand Dollars ($1,000.00) as shall not have been received before commencing business, but such liability shall be terminated when the corporation has actually received One Thousand Dollars ($1,000.00) as consideration for the issuance of shares.
We are of the opinion these Mississippi cases cited and the new statutes enacted in 1962 make the decision of the lower court manifestly correct and the cause is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON, and ROBERTSON, JJ-, concur.