KRIVO INDUSTRIAL SUPPLY COMPA-
NY, Morgan Precision Parts, Inc.,
et al., Plaintiffs-Appellants,

v.

NATIONAL DISTILLERS AND CHEMI-
CAL CORPORATION, Defendant-
Appellee.

No. 72–1710.

United States Court of Appeals,
Fifth Circuit.

March 8, 1974.

Samuel G. McKerall, James L. Shores, Birmingham, Ala., Lewis & Burns, Robert E. Lewis, Hawkins, Rhea, Keener & Cusimano, Gadsden, Ala., for plaintiffs-appellants.

Reid B. Barnes, Robert McDavid Smith, Birmingham, Ala., for defendant-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEAR-
ING EN BANC

(Opinion August 7, 1973, 483 F.2d 1098
(5th Cir. 1973))

Before GEWIN, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The petition for rehearing in this case points out certain factual errors in the opinion of the Court. A careful review has revealed that the errors are not substantial and do not concern controlling facts in the case. In order to clarify the facts in the opinion, however, we note the following matters.

1. Brad's Machine Products, Inc. is not a reorganized company but is insolvent, so that the first line in the opinion should be amended to read "an insolvent" corporation.

2. The defendant produced no evidence, the case having been decided on a directed verdict after the close of the plaintiffs' case, so that the second sentence of the second full paragraph on page 34 of the slip opinion [483 F.2d at page 1114] should begin "Plaintiffs' evidence."

3. The facts stated in the last paragraph on page 34 of the slip opinion as extended to page 35 [483 F.2d at page 1114] are confused but of no controlling significance and the paragraph should be deleted. Even if Brad's had the contractual right referred to in this and the preceding paragraph, the transaction would not be sufficient to make a jury question as to domination and control. The brass was purchased at the price for bidding the Government contract. We do not decide whether the transaction would give rise to a claim on behalf of Brad's, but merely that evidence of such a transaction was not sufficient to establish liability to Brad's creditors under the instrumentality rule.

4. Petitioner notes our reliance on Chicago Mill & Lumber Co. v. Boatmen's Bank, 234 F. 41 (8th Cir. 1916), and contends that our decision is in conflict with this Court's decision in Portsmouth Cotton Oil Refining Corp. v. Fourth Nat'l Bank, 280 F. 879 (M.D.Ala.), aff'd, 284 F. 718 (5th Cir. 1922). We do not conceive that our decision does any damage to the authority of *Portsmouth*, however, because *Portsmouth* involved a subsidiary corporation of the defendant, which was formed by defendant and controlled and managed by it. *Portsmouth* is inapplicable to the facts of this case.

The petition for rehearing is denied and no member of this panel nor Judge irregular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.